ELIZABETH H. W. BRAINARD *vs.* CHARLES C. DARLING, executor.

Suffolk. January 12. — 30, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

A testator bequeathed to a person a legacy of "one hundred dollars, including money trusteed at" a certain bank. When the will was made, an action was pending in which the legatee sought to recover from the testator a sum less than one hundred dollars; and the bank named in the will, where the testator had a deposit of several hundred dollars, was summoned therein as trustee. Before the death of the testator, "neither party" was entered in the action, and the trustee was discharged. *Held*, that the testator intended a gift to the legatee of one hundred dollars only, which sum was to include the amount claimed by the legatee to be due from the testator.

ENDICOTT, J. The defendant's testatrix gave to the plaintiff in her will a legacy of "one hundred dollars, including money trusteed at the Union Savings Bank." When the will was made, an action was pending wherein the plaintiff sought to recover from the testatrix the sum of eighty-two dollars; and

the Union Institution for Savings, where the testatrix had a deposit of $545, was summoned therein as trustee. Before the death of the testatrix, "neither party" was entered in the action, and the trustee was discharged. The plaintiff contends that the word "including" means, in this connection, "in addition to," and that the testatrix intended to give the plaintiff not only one hundred dollars, but in addition to that sum all the money she had in the bank; the words "money trusteed at the Union Savings Bank" being descriptive of, and intended to identify, the whole amount which she had then on deposit. But this is a forced construction, inconsistent with the meaning of the words used by the testatrix; and we can have no doubt, from the language of the bequest, taken in connection with the facts existing at the time the will was made, that she intended a gift to the plaintiff of one hundred dollars only, which sum was to include the amount for which the bank might be held liable as trustee; or, in other words, that the one hundred dollars was to include the amount which the plaintiff claimed to be due from her. No question is made that the Union Institution for Savings is the bank described in the legacy as the Union Savings Bank.

*Judgment affirmed.*

*F. F. Heard*, for the plaintiff.
*B. L. M. Tower*, for the defendant.

