## LANSBURGH *v.* WIMSATT.

EVIDENCE; EXPERT TESTIMONY; SPECIAL CONTRACTS; ORDER OF PROOF.

1. In an action here to recover for the storage of railroad ties on plaintiff's land near a Virginia railroad station, it is not error for the trial court to refuse to allow a witness to testify as to the reasonableness of plaintiff's charge, where witness' opinion is based on his knowledge of storage prices in this city and not in Virginia. Nor would such testimony be expert testimony.
2. Whether a witness called as an expert has the requisite qualifications as such is largely a question for the trial court.
3. Where in an action to recover for the storage of railroad ties the jury finds that a special contract for storage existed between plaintiff and defendant, this court will not consider exceptions to the trial court's rulings on the admissibility of evidence as to the value of the ties and of the lots on which they were stored.
4. The order of proof is within the discretion of the trial court.

No. 471. Submitted October 9, 1895. Decided November 20, 1895.

HEARING on an appeal by the plaintiff from a judgment on verdict in an action of assumpsit. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. A. A. & T. W. Birney* for the appellant:

1. The witness, Riley, was an expert in the business of storing and shipping lumber, railroad ties, &c., was familiar with the charges made therefor, and his opinion as to the reasonableness of plaintiff's demand should have been received. All persons who practice a business or profession which requires them to possess a certain knowledge of the matter in hand, are experts. *Vander Donckt* v. *Thellusson*, 8 M. G. and S. 812; *Bird* v. *State*, 21 Gratt. 800; 7 Am. and Eng. Ency. of Law, 491. Besides, no objection was made on the grounds that the witness was not an expert; and in the absence of such objection, it will be assumed he, witness, was competent. *Curtis* v. *Gans*, 26 N. Y. 426; *Brown* v. *Railroad Co.*, 1 How. App. 114.

It is not necessary to make his opinion competent, that the witness should have been acquainted with the particular thing whose value he testifies to, or even that he should ever have seen it. *Mish* v. *Wood*, 34 Pa. St. 451; *Whitbeck* v. *Railroad*, 36 Bart. 644. The value of the use of property as well as of the value of the property itself may be proved by opinion. *Sturgis* v. *Krapp*, 33 Vt. 531. A witness may say what certain services hypothetically stated, may be worth, if there is evidence tending to show that the supposed circumstances existed. *Chamness* v. *Chamness*, 53 Ind. 301; *Haish* v. *Payson*, 107 Ill. 365; *Mercer* v. *Vose*, 67 N. Y. 56.

2. The party opening the case has the right, in rebuttal, to introduce any competent evidence tending to deny and defeat the case made by his adversary, although it may also tend incidentally to corroborate his case in chief. 2 Elliot's Gen. Practice, sec. 575; *Chadbourne* v. *Franklin*, 5 Gray, 312; *Bancroft* v. *Sheehan*, 21 Hun, 552.

*Mr. S. T. Thomas* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action was brought in assumpsit by the appellant, Max Lansburgh, against the appellee, William A. Wimsatt, and his partner Johnson (the latter having since died), to recover for the storage of certain railroad ties on the land of the appellant. The plaintiff in his declaration says he claims the sum of $289.34, with interest from April 1, 1891, according to the particulars of demand thereto annexed. The claim annexed is for the storage of 9,994 railroad ties at Potomac, Virginia, at the rate of 50 cents per hundred for each period of thirty days.

The defendants pleaded that they were not indebted as alleged, and, by the affidavit of defence, stated that the ties were stored on special contract, and that, by the terms of such contract, the defendants were to pay to the plaintiff storage at the rate of 50 cents per 100 ties for each period of 90 days, and not 50 cents per 100 ties for each month, as claimed by the plaintiff. The defendants admitted indebtedness to the extent of $103.11, and no more, and stated, and the proof shows, that they offered to pay that sum ; and it was for that amount that the verdict of the jury was rendered in favor of the plaintiff, who has appealed to this court.

At the trial, both the plaintiff and the defendant Wimsatt became witnesses in support of their respective contentions ;—the plaintiff contending and testifying that he was entitled to charge for the storage of the ties at the rate of fifty cents per hundred for each period of *thirty days ;* while, on the other hand, the defendant contended and testified, supported by written correspondence between the parties, that there was an express contract that his firm should pay fifty cents per hundred ties for each period of *ninety days ;* and in this the defendant was expressly corroborated by the testimony of the witness Baker.

In the course of the trial, several exceptions were taken by the plaintiff to rulings upon questions of evidence. Upon these rulings the plaintiff insists that there was error :

1. In not permitting the witness Riley to testify as to the reasonableness of the plaintiff's charge ;

2. In not admitting the question, to witness Wimsatt, as to the value of the ties apiece ; and,

3. In not permitting the witness Harcum to testify in rebuttal as to the value of the lots in the village of Qauntico, their condition in 1890, and the reasonableness of the plaintiff's charge, and the custom as to such charges.

In neither of these rulings do we think there was error.

1. With respect to the first of these supposed errors, the witness of whom the question was asked as to the reasonableness of the price charged by the plaintiff, stated, that while he knew the prices charged for shipment and storage of lumber, ties, &c., in the city of Washington, he knew nothing about such prices in Virginia. The witness, therefore, was wholly incompetent to say what was a reasonable charge per thousand per month for the storage, on unoccupied land at a country railroad station in Virginia, of railroad ties, placed there preparatory to shipment by rail. His opinion, without knowledge of the surrounding conditions, would have been purely of a speculative or conjectural nature and therefore calculated to mislead the jury. It was not the subject for expert testimony, it being neither a question of science, skill, or special trade knowledge, such as would justify the witness in giving his opinion without personal knowledge of the facts upon which that opinion was based. At any rate, the witness was not offered, and determined to be qualified, as an expert, and competent to testify as such. It is a well settled principle, that whenever a witness is called as an expert, the question, whether he has the requisite qualifications to enable him to testify, is a preliminary one for the court, and the decision of such preliminary question is generally conclusive, unless it be made clearly to appear that the opinion of the court

below was founded in error of law or fact. 1 Greenl. Ev., sec. 400; *Congress and Empire Spring Co.* v. *Edgar,* 99 U. S. 645, 658; *Perkins* v. ·*Stickney,* 132 Mass. 218. The court committed no error in refusing to allow the question to be put to the witness.

2. As to the second assignment of error, the court was clearly right in not allowing the question to be put to the witness, as to what the ties were worth apiece. That question, and the fact sought to be elicited thereby, were quite immaterial to the subject-matter for determination by the jury. The jury have found by their verdict, manifestly according to the contention and evidence of the defendant, that there was a special contract for the storage of the ties, at a certain price for each period of three months; and that verdict should certainly not be set aside to allow the jury, on retrial, to consider such an immaterial and inconsequential fact as that attempted to be brought out by the question to which objection was sustained.

3. And then, as to the question presented by the third assignment of error, that furnishes no ground for reversal; indeed no subject for review by this court. In view of the finding by the jury, that there was a special contract as to the price for the storage of the ties, the testimony of the witness Harcum, offered in rebuttal by the plaintiff, would have been, if admitted, immaterial to the finding. That testimony, as to the value of the lots in the village of Quantico, their condition in 1890, and the reasonableness of the plaintiff's charges, according to custom, would have been material only in the event that the question was one of *quantum valebat.* The jury, manifestly, did not so consider it, but determined the question in accordance with the evidence on the part of the defendant, which showed that there was a special contract as to price. But however that may be, the testimony should have been offered by the plaintiff in chief, and not in rebuttal; and being offered in rebuttal it was matter within the discretion of the court whether to admit it or not. The entire question, as to the

mere order of producing proof, and under what circumstances evidence should be admitted or rejected when offered out of regular order, in the absence of some positive rule of COURT upon the subject, or some reserved right to the party, must be allowed to rest in the sound discretion of the trial court, as the tribunal best qualified to judge as to what the justice of the case may require in respect to such questions; and therefore, from the rulings on such questions no appeal will lie to this court. *Phil. & Trenton Railroad Co.* v. *Stimpson,* 14 Pet. 448, 463 ; *Unitarian Soc.* v. *Faulkner,* 91 U. S. 417, 418 ; *Bannon* v. *Warfield,* 42 Md. 22, 39.

Finding no error, the judgment must be affirmed.

*Judgment affirmed.*