John Gray et al., Respondents and Appellants, *v.* The Central Railroad Company of New Jersey, Appellant and Respondent.

1. Unliquidated Damages — Interest. In actions to recover unliquidated demages for breach of contract, unless the means are accessible to the party sought to be charged of ascertaining, by computation or otherwise, the amount to which the plaintiff is entitled, the plaintiff may not be allowed interest on the amount of damages found, and the submission to the jury of the question as to such allowance is error.

2. Market Value. In an action to recover unliquidated damages for breach of a contract to buy personal property, the access of the defendant to means of computation of damage, as a basis of a right in the plaintiff to recover interest, may be established by proof of the existence of a market ,value, as distinguished from the actual value, of the property; and the recovery of interest is defeated by the absence of satisfactory proof of market value.

*Gray* v. *Cent. R. R. Co. of N. J.*, 89 Hun, 477, affirmed.

(Argued October 20, 1898; decided January 10, 1899.)

Cross-appeals from a judgment of the late General Term of the Supreme Court in the first judicial department, entered November 15, 1895, modifying and, as modified, affirming a judgment in favor of plaintiffs entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert Thorne* and *Robert W. de Forest* for defendant. This case was tried and submitted to the jury upon the theory that the jury were to determine whether or not the boat was in fact sound, and whether or not the defendant ought to have been satisfied with her. This was error. (*Flanagan* v. *Fox*, 6 Misc. Rep. 132; *Russell* v. *Allerton*, 108 N. Y. 288; *Doll* v. *Noble*, 116 N. Y. 230; *D. S. B. Co.* v. *Garden*, 101 N. Y. 387; *B. N. Bank* v. *Mayor, etc.*, 63 N. Y. 336: *City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 475; *Miesell* v. *G. M. L. Ins. Co.*, 76 N. Y. 115; *Crouch* v. *Gutmann*, 134 N. Y. 45; *A., etc., Co.* v. *Schnader*, 155 Penn.

St. 394; *Grafton* v. *E. C. R. Co.*, 8 Exch. 699.)   The plain-
tiffs, to avoid the express stipulation and condition of their
written contract, were bound to show that the conduct of the
defendant was arbitrary, capricious or in bad faith.   (*Doll* v.
*Noble*, 116 N. Y. 230.)   Upon the uncontroverted evidence
the boilers of this boat, the *John Adams*, were unsound as
matter of law by reason of non-compliance with the United
States statutes, and could not have been lawfully used by any
one.   It was, therefore, the duty, as well as the right, of the
defendant to reject her, and a verdict should have been
directed by the trial court on this ground.   (U. S. Laws, 1852,
106, §§ 13, 15, 16; *Van Norden* v. *Robinson*, 45 Hun, 567.)
The true measure of damages to be applied in this case was
the difference between the contract price and the actual value
of the boat at the time of the refusal of the defendant to
accept her.   (*Gray* v. *C. R. R. Co. of N. J.*, 82 Hun, 523;
*Windmuller* v. *Pope*, 107 N. Y. 674; *Dustan* v. *McAndrew*,
44 N. Y. 72; *Cohen* v. *Platt*, 69 N. Y. 348; *Todd* v. *Gam-
ble*, 67 Hun, 38.)   The General Term laid down the correct
rule as to the allowance of interest.   (*Gray* v. *C. R. R. of N.
J.*, 89 Hun, 477; *Smith* v. *Viele*, 60 N. Y. 106; *White* v.
*Miller*, 71 N. Y. 118; *White* v. *Miller*, 78 N. Y. 393;
*McMaster* v. *State of N. Y.*, 108 N. Y. 542; *Mansfield* v.
*N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *McMahon* v.
*N. Y. & E. R. R. Co.*, 20 N. Y. 463.)

*Jacob F. Miller* for plaintiffs.   The questions of fact
should be deemed settled.   (*Miller* v. *Lockwood*, 32 N. Y.
298; *Wolfe* v. *Goodhue Fire Ins. Co.*, 43 Barb. 400; *Van
Pelt* v. *Otter*, 2 Sweeny, 202.)   The parties to the contract
must be presumed to have acted seriously and intended to
mean that if upon trial the soundness of the machinery,
boiler, etc., should be reasonably shown, that is, so shown that
the defendant ought reasonably to be satisfied, then the defend-
ant would be satisfied and take the vessel.   (*D. S. B. Co.* v.
*Garden*, 101 N. Y. 388; *Russell* v. *Allerton*, 108 N. Y. 292;
*Thomas* v. *Stewart*, 132 N. Y. 586; *Thomas* v. *Fleury*, 26

N. Y. 26; *Doll* v. *Noble*, 116 N. Y. 232; *Crouch* v. *Gutmann*, 134 N. Y. 51; *Wright* v. *Reusens*, 133 N. Y. 302; *Miesell* v. *G. M. L. Ins. Co.*, 76 N. Y. 119; *City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 479.) The charge of the court was correct. (*Gray* v. *C. R. R. Co. of N. J.*, 31 N. Y. Supp. 705; *Pollen* v. *Le Roy*, 30 N. Y. 556; *Van Brocklen* v. *Smeallie*, 140 N. Y. 75; *Hamilton* v. *Van Rensselaer*, 43 N. Y. 244; *O'Brien* v. *Young*, 95 N. Y. 429; *Sellick* v. *French*, 1 Am. Lead. Cas. [5th ed.] 615; *Slack* v. *Lowell*, 3 Taunt. 160; *Mansfeld* v. *Willes*, 2 B. & P. 337; *Van Rensselaer* v. *Jewett*, 2 N. Y. 140; *Dana* v. *Fiedler*, 12 N. Y. 40.)

Gray, J. This action was brought to recover of the defendant damages, because of a breach of its contract to buy a steamboat. The plaintiffs had judgment upon the verdict of a jury, which awarded interest upon the sum in which the plaintiffs were found to have been damaged. Upon appeal to the General Term, that court ordered a modification of the judgment, by reducing the verdict to the amount found by the jury, exclusive of interest, and affirmed the judgment as so modified. From the judgment of affirmance the plaintiffs and the defendant have appealed; the former because of the reduction in the amount of their recovery and the latter because any recovery by the plaintiffs was sustained.

In so far as the judgment appealed from affirms the plaintiffs' recovery of damages for breach of the contract, I see no legal reason for disturbing it. The important question for us to determine arises upon the plaintiffs' appeal from the determination of the General Term, that the jury should not have been allowed to add interest to the amount in which they found the plaintiffs to have been damaged. This being an action for the recovery of unliquidated damages, whether interest was recoverable therein depended upon how far the plaintiffs' demand was such that it was capable of being ascertained, or computed, if only approximately, by reference to established market values. That is to say, if this case were

one where, according to the evidence, it appeared that a steamboat, like the one in question, had a more or less well-established value in the market, so that, upon the indefensible refusal of the defendant to complete its contract of purchase, it could be said to have been chargeable with a knowledge of the damage sustained, actual or approximate, then the plaintiffs' recovery should carry interest, as matter of law. (*McMahon* v. *New York & Erie Railroad Co.*, 20 N. Y. 463; *Mansfield* v. *New York Central & H. R. R. R. Co.*, 114 N. Y. 331.)

The evidence shows that this steamboat had been bought by the plaintiffs from the United States government, and was, thereafter, offered for sale by them as a second-hand steam ferry boat. There was evidence given by two witnesses, called by the plaintiffs, as to what was the fair market value of such a vessel. But that there was a market value, or price, in the ordinary sense of those terms, for such an article, was not made out by the evidence ; or, at least, not in a satisfactory or conclusive manner. The witnesses, who testified upon the subject, were competent to express an opinion as to what such a vessel was worth in her condition ; but that would only go to prove what her actual value may have been, in the opinion of those familiar with the business of boat building, and would not, necessarily, show that there was any established market value or rate. From the evidence it would rather seem that the market value spoken of was merely synonymous with the actual value. The instruction given by the trial judge to the jury was, that the plaintiffs' damage must be measured by the difference between the contract price and the market value of the boat at the time she should have been received and that, in addition, they were entitled to add interest to the amount found to be that difference. An exception was taken by the defendant to that instruction and, at the General Term, the court, in reviewing the judgment upon the appeal, was at liberty to determine upon the facts whether such an instruction with regard to interest was correct. If, from those facts, it did not appear to

the court that the evidence justified a finding of there being an established market value, or rate, for such vessels, by reference to which the defendant might have ascertained the extent of the damage which the plaintiffs might sustain from its refusal to complete the contract, then, I think, the determination of the court, in striking out the award of interest from the verdict, should not be disturbed by us. I think, not only, that there was a clear latitude for the exercise by the General Term of its judgment in that respect upon the facts, but that it could not be well said that those facts brought the case within the rule as to the allowance of interest upon unliquidated demands, as we must regard it to be settled by the decisions of this court. In the early case of *Van Rensselaer* v. *Jewett* (2 N. Y. 135), the rule was laid down that, where a debtor is in default for not paying money, delivering property, or rendering services, in pursuance of his contract, he is chargeable with interest, from the time of default, on the specified amount of moneys, or the value of the property, or services, at the time they should have been paid or delivered. That was a case where the action was for rent payable in specific articles. In the subsequent case of *McMahon* v. *N. Y. & E. R. R. Company* (20 N. Y. 463), where the action was to recover for work performed and materials furnished by the plaintiff in the construction of the defendant's road, the case of *Van Rensselaer* v. *Jewett* was referred to and carefully considered. Judge SELDEN said that, "The old common-law rule, which required that a demand should be liquidated, or its amount in some way ascertained before interest could be allowed, has been modified by general consent, so far as to hold that if the amount is capable of being ascertained by mere computation, then it shall carry interest; and this court in the case of *Van Rensselaer* v. *Jewett* went a step further, and allowed interest upon an unliquidated demand, the amount of which could be ascertained by computation, together with a reference to well-established market values; because such values in many cases are so nearly certain, that it would be possible for the debtor to obtain some proximate knowledge

of how much he was to pay. That case went, I think, as far as it is reasonable and proper to go in that direction. So long as the courts adhere even to the principles of that case, they are not without a rule which it is possible to apply." In *Mansfield* v. *N. Y. C. & H. R. R. R. Company* (114 N. Y. 331), where the action was for damages for breach of a contract to construct a grain elevator, Judge BRADLEY, with some care, reviewed the question and the cases, where it had been discussed, and he sums up the matter in this language, in referring to the doctrine of the cases : " So far as I have observed, it has not been extended to actions to recover unliquidated damages for breach of contract, unless the means are accessible to the party sought to be charged, of ascertaining the amount by computation or otherwise, to which the other party is entitled." It was held in that case, because the amount of the claim for damages was entirely uncertain, and was closely contested by the defendant, that the question of interest should have been excluded from the consideration of the jury upon the trial. These cases, and others which might be cited, in my judgment, have so far settled the rule in this state that we should not undertake at the present day to abrogate it and the careful consideration which it has received by the courts justifies us in refusing to give it any further extension.

Nor can it be said that adherence to the rule is prejudicial to the rights of those who are situated as were the plaintiffs here. When the defendant refused to perform its contract, the plaintiffs could have brought an action against it to recover the contract price of the vessel; in which case a recovery by them would carry interest. Or they could have sold the vessel for the account of the defendant and have brought an action to recover the difference between the amount realized upon the sale and the contract price, in which case a recovery would, also, carry interest.  What the plaintiffs did, however, instead of adopting either one of these courses, was to retain the property as their own and to bring this action for the damages sustained by the refusal of the defendant to perform its contract. They thus brought themselves within the operation of

the established rule, so far as a recovery of interest was concerned, and failing to make a case upon the evidence, in which interest became recoverable upon the amount of damages proved to have been sustained, the rule should control.

I think the judgment should be affirmed, but without costs to the plaintiffs, or to the defendant.

O'BRIEN, J. (dissenting).   I agree with Judge GRAY on all the questions in the case, except the question of interest.   I think the ruling at the trial on that question was correct, and that the action of the General Term in striking out the item of interest cannot be sustained.   The right of the plaintiffs to recover interest as part of the damages has long been settled by numerous decisions of this court.   The defendant agreed in writing to buy from the plaintiffs a ferryboat for $15,000.   The jury found that there was a breach of the contract on the part of the defendant in refusing to receive the boat when tendered in conformity with the contract, and they awarded as damages to the plaintiffs the difference between the contract price and the market value of the vessel at the time and place of delivery, with interest on that sum from the date of the breach. The trial of the action took place many years after the alleged breach, and the interest amounts to nearly twice the sum which was found to be the difference between the contract price and the market value.   The learned General Term held that interest was not allowable upon such a claim, and, therefore, modified the plaintiffs' judgment by striking out the interest and affirming the recovery for the remainder of the claim.

In an action to recover damages for the breach of an executory contract for the sale of personal property, the circumstance that the demand is unliquidated is no answer to a claim for interest on the sum which represents the difference between the contract price and the market value at the time of the breach.   If the amount which the party in default is bound to pay in satisfaction of the contract can be determined by computation or by reference to market values, then interest must be allowed as matter of law as part of the damages to be

computed on the sum which the defaulting party should have paid at the time of the breach in order to make his contract good. In *Van Rensselaer* v. *Jewett* (2 N. Y. 135) the rule is thus stated in the head note : " Where a debtor is in default for not paying money, delivering property, or rendering services, in pursuance of his contract, he is chargeable with interest from the time of default on the specified amount of money, or the value of the property or services, at the time they should have been paid or rendered." In *Dana* v. *Fiedler* (12 N. Y. 50) the court reiterates this rule in the following language : " Interest is a necessary item in the estimate of damages in this class of cases. The party is entitled on the day of performance to the property agreed to be delivered ; if it is not delivered, the law gives, as the measure of compensation then due, the difference between the contract and market prices. If he is not also entitled to interest from that time as matter of law, this contradictory result follows, that while an indemnity is professedly given, the law adopts such a mode of ascertaining its amount, that the longer a party is delayed in obtaining it, the greater shall its inadequacy become. It is however conceded to be law, that in these cases the jury may give interest by way of damages, in their discretion. Now, in all cases, unless this be an exception, the measure of damages in an action upon a contract relating to money or property is a question of law, and does not at all rest in the discretion of the jury. If the giving or refusing interest rests in discretion, the law, to be consistent, should furnish some legitimate means of influencing its exercise by evidence, as by showing that the party in fault has failed to perform, either willfully or by mere accident, and without any moral misconduct. All such considerations are constantly excluded from a jury, and they are properly told that in such an action their duty is to inquire whether a breach of the contract has happened, not what motives induced the breach.

" That by law a party is to have the difference between the contract price and the market price, in order that he may be indemnified and because that rule affords the measure of his

injury when it occurred; that he may not as matter of law recover interest, which is necessary to a complete indemnity; that nevertheless the jury may, in their discretion, give him a complete indemnity, by including the amount of interest in their estimate of his damages; but that he may not give any evidence to influence their discretion, presents a series of propositions, some of which cannot be law. The case of *Van Rensselaer* v. *Jewett* (2 N. Y. 141) establishes a principle broad enough to include this case, and has freed the law from this as well as other apparent inconsistencies in which it was supposed to have become involved. The right to interest, in actions upon contract depends not upon discretion but upon legal right, and in actions like the present is as much a part of the indemnity to which the party is entitled as the difference be'ween the market value and the contract price."

It may be observed that the claim involved in that case was for the recovery of damages for the non-delivery of merchandise purchased under an executory contract, and the only question discussed was whether interest was in the discretion of the jury or belonged to the successful party as matter of right and as part of his indemnity for the breach of the contract. The rule was again stated in the case of *Adams* v. *Fort Plain Bank* (36 N. Y. 255) in these words: " The principle which governs the allowance of interest was clearly enunciated in *Van Rensselaer* v. *Jewett* (2 N. Y. 135), that, whenever a debtor is in default for not paying money in pursuance of his contract, justice requires that he should indemnify the creditor for the wrong which has been done him, and just indemnity, though it may sometimes be more, never can be less, than the specified amount of money, with interest from the time of the default until the obligation is discharged. And, if the creditor is obliged to resort to the courts for redress, he ought, in all such cases, to recover interest in addition to the debt, by way of damages.   *   *   *   But the courts in this and other states, have, for many years, been tending to the conclusion which we have finally reached, that a man

who breaks his contract to pay a debt, shall indemnify the creditor, so far as that can be done, by adding interest to the amount of damage which was sustained by the breach."

In actions to recover damages for the breach of a contract to perform work or labor, or to render services of any kind, the claim is generally unliquidated, and the amount of the indemnity for the breach can be determined only by proof of the value of the work or of the services. The value in such cases rests largely in opinion, and it frequently happens that there is no fixed market value upon which the damages can be based, and yet this court has held that in such cases interest is recoverable, as matter of law, upon the sum representing the damages from the time of the breach (*McCollom* v. *Seward*, 62 N. Y. 316; *McMahon* v. *N. Y. & Erie R. R. Co.*, 20 N. Y. 463), and the rule has been applied in a great variety of cases where actions were brought to recover damages for the breach of a contract to buy or sell goods or to perform work or render services. (*Mygatt* v. *Wilcox*, 45 N. Y. 306; *Mercer* v. *Vose*, 67 id. 56; *White* v. *Miller*, 78 id. 396; *De Lavallette* v. *Wendt*, 75 id. 579; *Wilson* v. *City of Troy*, 135 id. 104; *Selleck* v. *French*, 1 Am. Lead. Cas. [5th ed.] 615.)

I think this case is clearly within the principle decided in these cases. The rule is based upon the most obvious principles of justice, and this case will furnish a good illustration of the injustice which the principle adopted by the court below sanctions. The defendant has had the use of the money which it was bound to pay to the plaintiffs in satisfaction of the contract for nearly thirty years, and at the end of this long period it has been held that it is not bound to pay the plaintiffs any more than at the day of the breach. The ancient rule, long since repudiated, that interest cannot be allowed upon unliquidated demands, when applied to a case like this, simply sets a premium on injustice. It encourages litigation, since the party in default upon his contract may always contest the claim without any liability to have it increased by the lapse of time, and all this upon the pretense

that there was no way in which he could find out how much he ought to pay his neighbor for a violation of his contract.

But even that well-worn argument is not urged in this case since resort is had to what may properly be called a pure fiction in order to sustain the decision below, depriving the plaintiffs of a great part of the damages which the jury awarded them.     It is said that the General Term may have disallowed the item of interest upon its view of the facts, that is to say, it may have held that there was no proof, or not sufficient proof, of the market value of the vessel at the time of the breach, and hence interest was not recoverable.     I am not willing to impute any such reasoning to the learned court below.     If there was no proof or not sufficient proof of market value, then the plaintiffs could not have recovered anything for the plain reason that they failed to make out their case.     The right to recover the principal sum depended upon precisely the same evidence as the right to recover the interest, and, hence, if there was any defect at all in the proofs, it went to the whole judgment and not simply to a part of it.     We cannot, with any propriety, impute to the learned court below the conclusion that the proof of market value was sufficient to permit the plaintiffs to recover the principal, but insufficient to permit them to recover the interest, when both elements of damage depended upon precisely the same facts.     If the plaintiffs failed to prove the market value of the vessel there was no other proof in the case upon which a claim for damages could be based, and if they did prove it for one purpose, they proved it for all purposes.

Now, as matter of fact, every one must know that it was impossible for the court below to take any such view of the case.     The fact that the judgment was affirmed as to the principal sum and reversed as to the interest, when both items rested on the same evidence, shows very clearly that it did not attempt to do such an inconsistent thing.     Certainly we should not assume that the learned court below decided that there was proof of market value to sustain the verdict for the principal sum, but no such evidence to sustain the award of

interest, without first looking into the opinion for such a strange conclusion. The ground upon which the court proceeded is there stated with the utmost clearness, and it is scarcely necessary to add that no such reasoning process as is now attributed to the court was even suggested. It was held as matter of law that interest could not be recovered since the claim was unliquidated. That view has some support in the earlier cases, but to assume that the court denied the right to interest because the proof of market value was not sufficient, while it held just the other way as to the right to recover the principal, would hardly be respectful to that learned tribunal.

There is no possible ground to sustain this judgment by reference to the facts. It can be sustained only upon the ground that the learned court below placed it — that interest on an unliquidated claim of this character cannot, as matter of law, be allowed in computing the damages. That, I think, was formerly the law, but the modern decisions, more in conformity with good sense and justice, have established a different rule. The rule now is that in actions to recover damages for breach of an executory contract for the sale of personal property, the plaintiff is entitled to recover interest on the sum representing the damages at the date of the breach, when that sum can be ascertained by computation or by reference to market values. In this case that sum was ascertained by the jury under the charge of the court by reference to the market value of the vessel, and in no other way, and it, therefore, follows that the plaintiffs had the same right to recover the interest as they had to recover the principal.

The judgment below, in so far as it modified the recovery, should be reversed and the judgment entered upon the verdict affirmed, with costs in all courts.

HAIGHT, MARTIN and VANN, JJ., concur with GRAY, J., for affirmance. BARTLETT, J., concurs with O'BRIEN, J., for reversal. PARKER, Ch. J., not sitting.

Judgment affirmed.