FULLER v. COLE et al.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

CONTRACTS—BALANCES—INTEREST.

In an action on specific contracts entitling plaintiff to specific sums for his services each year, interest was properly allowed on the balances remaining due.

Appeal from judgment on report of referee.

Action by William W. Fuller against Francis E. Cole and E. Vernon Spellman to recover for work, labor, and services under specific contracts. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

E. M. Bartlett, for appellants.
I. S. Johnson, for respondent.

HARDIN, P. J. The report of the learned referee states in his third finding the several contracts which were entered into by the parties. In his fourth finding of fact he states the sums that have been paid and allowed, as to which the defendants are entitled to credit. He finds in his fifth finding of fact, viz.: "I have computed the interest upon the balance remaining due and unpaid the plaintiff from the defendants from time to time according to the usual methods, and I find that there remains due and unpaid from the defendants to the plaintiff, at the date of this report, for said services, and under said contracts, the sum of sixty-one dollars and sixty-three cents." He then states a general conclusion of law, and orders judgment for that amount. Inasmuch as there were specific contracts entitling the plaintiff to specific sums for his services each year, the plaintiff was

entitled to the interest allowed by the referee.    Van Rensselaer v. Jewett, 2 N. Y. 135; McMahon v. Railroad Co., 20 N. Y. 463; Adams v. Bank, 36 N. Y. 255; Pursell v. Fry, 19 Hun, 598; Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143.    The case of Gray v. Railroad Co., 157 N. Y. 483, 52 N. E. 555, is distinguishable from the case in hand.    I think the conclusion of the referee should be sustained.

Judgment affirmed, with costs.    All concur.