CHARLES W. SLOAN, Respondent and Appellant, v. ANNA W. BAIRD, Appellant and Respondent.

INTEREST — MARKET VALUE. In an action to recover unliquidated damages for the breach of an executory contract to convey property, interest is not allowable unless there is an established market value of the property or means accessible to the party sought to be charged of ascertaining by computation or otherwise [the amount to which the plaintiff is entitled.

*Sloan* v. *Baird*, 12 App. Div. 481, affirmed.

(Argued February 13, 1900; decided March 27, 1900.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 11, 1897, modifying, and affirming as modified, a

judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julien T. Davies* for plaintiff, respondent and appellant. The learned Appellate Division erred in disallowing that portion of the amount recovered by the plaintiff, which was awarded as interest. (*Cooley* v. *Lobdell*, 153 N. Y. 596; 22 Am. & Eng. Ency. of Law, 94; *Phillips* v. *Berger*, 8 Barb. 527; *Newton* v. *Bronson*, 13 N. Y. 587; *Sutphen* v. *Fowler*, 9 Paige, 280; *Myers* v. *De Mier*, 4 Daly, 343; 52 N. Y. 647; *Worrall* v. *Munn*, 38 N. Y. 137; *Bostwick* v. *Beach*, 103 N. Y. 414; 105 N. Y. 661; *Hathaway* v. *Payne*, 34 N. Y. 103; *Moore* v. *Burrows*, 34 Barb. 173; *Cogswell* v. *Cogswell*, 2 Edw. Ch. 238.)

*Albert H. Atterbury* for defendant, appellant and respondent. The referee erred in allowing interest on the amount of damages, and the Appellate Division was correct in striking this out. (*Smith* v. *Veilie*, 60 N. Y. 106; *White* v. *Miller*, 71 N. Y. 118; 78 N. Y. 393; *McMaster* v. *State*, 108 N. Y. 542; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *de Carricarti* v. *Blanco*, 121 N. Y. 230; *Blake* v. *Krom*, 128 N. Y. 64; *Gray* v. *C. R. R. Co.*, 157 N. Y. 483.)

HAIGHT, J. The defendant was the owner of certain lands, buildings and machinery at Trenton, New Jersey, known as the plant of the Hamilton Rubber Company. She entered into a certain contract with the plaintiff by which she agreed to sell and convey the property to him within a time specified for the sum of fifty thousand dollars ($50,000). At the time specified the plaintiff tendered performance, but the defendant refused to convey the property to him; but instead, conveyed it to one Skrim. This action was brought to recover the damages which the plaintiff sustained by reason of the defendant's refusal to perform her contract.

· The case was tried before a referee, who awarded the plaintiff fifteen thousand five hundred dollars ($15,500) damages, with interest thereon from the date of the breach of the agreement. The Appellate Division modified the judgment by deducting from the damages awarded by the referee the sum of two thousand eight hundred fifty-three dollars and fifty-four cents ($2,853.54) as interest, and also by deducting the sum of one hundred forty-two dollars and sixty-eight cents ($142.68) from the amount awarded as extra allowance in addition to costs, and as so modified the judgment was unanimously affirmed.

We have examined the exceptions raised by the defendant's appeal and are of the opinion that the questions involved were properly disposed of by the Appellate Division. The only question which we shall here discuss arises upon the plaintiff's appeal, in which he claims that the Appellate Division improperly modified the judgment by deducting from the sum awarded the interest from the time of the breach of the contract.

It is true that much has been written upon the subject of awarding interest, and that the authorities are not in entire harmony. But we must regard the question here under consideration as settled by our recent decision in the case of *Gray* v. *Central R. R. Co. of N. J.* (157 N. Y. 483). In that case the rule adopted by EARL, J., in *White* v. *Miller* (78 N. Y. 393) and by BRADLEY, J., in *Mansfield* v. *N. Y. C. & H. R. R. R. Co.* (114 N. Y. 331) was approved and followed. The rule as stated in these cases is to the effect that in an action to recover unliquidated damages for a breach of a contract, interest is not allowable unless there is an established market value of the property, or means accessible to the party sought to be charged of ascertaining by computation, or otherwise, the amount to which the plaintiff is entitled. (See, also, *McMaster* v. *State*, 108 N. Y. 542.) The damages in this case were the difference between the amount which the plaintiff agreed to pay and the value of the property. The property consisted of a parcel of land

upon which there were buildings inclosing a quantity of machinery used in the manufacture of rubber. The factory had been operated for a number of years, but at the time of the contract it stood idle and unused. The property was of a special kind fitted for a peculiar business, and its value depended largely upon its location, condition and the demand for the goods which it was designed to manufacture. It appears that the machinery constituted the chief value of the property, and its long use, of necessity, produced a deterioration and impaired its value. The expert witnesses called upon the question of the value of the property widely differed in their judgments. With reference to the machinery their estimates ranged from five thousand dollars to forty-eight thousand dollars, and upon the whole property from thirty-five thousand dollars to one hundred thousand dollars. It is thus apparent that the damages sought to be recovered were not only unliquidated, but that no means were accessible to the defendant of ascertaining the amount which might be awarded by a jury and she called upon to pay. But it is said there was a market value. If so, what was it? Was it thirty-five thousand dollars or one hundred thousand dollars? The market value of property is established when other property of the same kind has been the subject of purchase or sale to so great an extent and in so many instances that the value becomes fixed. Bouvier, in his Law Dictionary, defines market value as a price established by public sales, or sales in the way of ordinary business, as of merchandise. The Century Dictionary defines market price as being the current price. (See, also, *Murry* v. *Stanton*, 99 Mass. 345, 348.) While evidence was given by experts showing the value of the property, there is no evidence showing that this property had a market value established and fixed by which the defendant could determine the damages which the plaintiff was entitled to recover or compute the interest thereon, and there is no finding by the referee that the property had a market value.

The judgment should be affirmed, without costs to either party.

O'BRIEN, J. The judgment in this case was entered upon the report of a referee and awarded to the plaintiff damages for a breach by the defendant of an executory contract in writing whereby the defendant agreed to sell and convey to the plaintiff certain real estate at a specified price. The complaint alleges the due execution and delivery of the contract, the breach thereof by the defendant in refusing to convey upon tender of the purchase price, the sale by her to another party before the action was commenced, and the damages. The only fact alleged upon which the defendant in her answer took issue was the amount of the damages, and that was the only question which the referee was required to determine. He found that the property which the defendant had agreed to sell to the plaintiff for $35,000, subject to a mortgage of $15,000, was worth at the date of the breach of the contract at least $65,500, and that the damages amounted to $15,500, with interest thereon from the date of the tender by the plaintiff of the purchase price. The Appellate Division, in affirming the judgment as to the damages, held that the item of interest, amounting to $2,853.54, was improperly allowed, and modified the judgment by striking it out of the recovery. Both parties have appealed to this court, the defendant from the whole judgment, and the plaintiff from that part of it which decides that interest was not allowable.

The defendant's appeal, therefore, rests upon the exceptions taken at the trial and the plaintiff's appeal upon the question of interest upon the damages from the date of the breach. The defendant having deprived the court of the power to decree specific performance of the contract, was bound to respond to the plaintiff in such damages as were found to have been sustained by him in consequence of the breach resulting from the tender of performance and the refusal of the defendant to convey. (*Cooley* v. *Lobdell,* 153 N. Y. 596.) The circumstance that the real property constituting the subject-matter of the contract was situated in another state presented no obstacle to the jurisdiction. (*Newton* v. *Bronson,* 13 N. Y. 587; *Gardner* v. *Ogden,* 22 N. Y. 327; *Sutphen* v. *Fow-*

*ler*, 9 Paige, 280; *Ward* v. *Arredondo*, 1 Hopk. Ch. 213.) Tender of the purchase price is generally regarded as equivalent to payment, and until conveyance made the vendor holds the title as trustee for the vendee. (*Pelton* v. *W. F. Ins. Co.*, 77 N. Y. 605; *Hathaway* v. *Payne*, 34 id. 92; *Cogswell* v. *Cogswell*, 2 Edw. Ch. 231.) Upon tender of performance by the plaintiff and refusal of the defendant to convey, the damages for the breach of the contract is the difference between the contract price and the market value of the property at the time of the breach, and the vendee becomes then entitled to the rents and profits. (*Worrall* v. *Munn*, 38 N. Y. 137; *Bostwick* v. *Beach*, 103 id. 414; *S. C.*, 105 id. 661; *Margraf* v. *Muir*, 57 id. 155; *Pumpelly* v. *Phelps*, 40 id. 66.)

The decision of the referee upon the facts is conclusive upon this court, and but two exceptions are relied upon by the learned counsel for the defendant to sustain her appeal. They were taken to a ruling of the referee permitting two witnesses to express an opinion as to the value of the property, first, from their knowledge and observation of the property, and, again, upon a hypothetical question in the form usually propounded to experts on other subjects. The real estate which was the subject of the controversy was a rubber factory at Trenton, New Jersey. Neither of the witnesses resided there, but it appeared that they had seen the property, had heard the other testimony as to the cost of the land, the building and the tools and machinery, and were conversant in a very large way with the general business for which the plaintiff intended the property to be used and the cost of such plants. Both witnesses had large experience in the rubber business, and were familiar with the character and capacity of the various plants for producing the article throughout the country, but it did not appear that they had any knowledge of the local market for real estate at Trenton, where the plant in question was situated. Courts cannot ignore modern conditions of business which affect the value of property. We know, for instance, that the value of a factory for the refine-

ment or manufacture of sugar, oil or even rubber, cannot be determined with reference to the market for such property in the locality where situated. If values in such cases could be made to depend upon the wants of the local markets, much valuable property would be sacrificed, or, at least, underestimated. In many cases it would be found that there is practically no local market for real estate of this character. The particular location of this factory had very little to do with its value. That was dependent upon conditions entirely outside of the locality and growing out of the character of the business and the methods by which it is conducted. To an individual or even a local corporation the property might be worth very little, while one of the great corporations or combinations, by means of which business of this character is now conducted, would readily pay a fair price for it. It would, therefore, be unjust to limit the plaintiff's measure of damages to the nominal value in the market of Trenton, when it appears that it had a greater value in a much wider market. Since it appears that the business for which it was to be used is conducted by corporations outside of that city, operating throughout the country generally, or at least large sections of the country, the market in which the value was to be ascertained must be deemed to be coextensive with the field of their operations. Therefore, whether these witnesses had qualified themselves to express an opinion with reference to the value of the property in controversy was a question of fact to be determined by the referee in the first instance, and it is clear that the evidence justified his decision. (*Slocovich* v. *Orient Mut. Ins. Co.*, 108 N. Y. 56; *Nelson* v. *Sun Mut. Ins. Co.*, 71 id. 453; *Perkins* v. *Stickney*, 132 Mass. 218; *Spring Co.* v. *Edgar*, 99 U. S. 658; *Stillwell & B. Mfg. Co.* v. *Phelps*, 130 id. 520; *Montana Railway Co.* v. *Warren*, 137 id. 353; *I. & S. Coasting Co.* v. *Tolson*, 139 id. 559.) There was evidence with respect to the competency of the witnesses, and the decision of the referee upon the question is not reviewable in this court, not because the decision of the court below was unanimous, but upon general and well-settled principles of

law. The effect of a' unanimous decision is limited to the facts in the case put in issue by the pleadings, and to the evidence to sustain such facts, and has no application to collateral questions arising at the trial, such as the qualifications of a witness to express an opinion or a juror to sit in the case. It follows that the defendant's appeal cannot be sustained.

It seems to me that the argument of the learned counsel for the plaintiff in support of his appeal from the decision below, on the question of interest, cannot be successfully answered. It would not be profitable, however, to discuss the question now upon principle or authority, since it has very recently occupied the attention of the court. (*Gray* v. *Central R. R. Co. of N. J.*, 157 N. Y. 483.) In that case it was admitted that a party was entitled to recover interest as part of the damages for breach of an executory contract for the sale of property when the property sold had a market value at the time of the breach, but as the subject of the sale was an old ferryboat that had no market value, it was held that the action of the court below in striking out the item of interest was proper. In the present case the referee held that the property had a market value at the time of the breach, and assessed the damages accordingly. I am unable to see how the court can hold that the referee committed an error of law in allowing interest on the damages from the date of the breach, since the facts found by him have not been disturbed by the court below. The question of damages was the only issue in the case, and the only ground upon which this court can deny interest to the plaintiff is that the defendant, when sued, could not ascertain how much she was bound to pay for her breach of the contract. The same answer is available to a defendant in every case; but whatever force it once had, it is clear that it has none now, since, by statute, a defendant, when sued upon such a claim, may serve with the answer an offer to liquidate the damages at a specified sum, and, unless the recovery is for a larger sum, he may not only defeat all claim for interest, but recover from the plaintiff the expenses incurred in defending on the question of damages

against a claim for a larger measure of damages. (Code, §§ 736, 737.)

But quite apart from the fact that in every action against the vendor of real property for damages arising from the breach of an executory contract of sale, it must be shown that the property has a market value exceeding the contract price in order to justify a finding of any damages whatever, the plaintiff's right to interest in this case rests upon other grounds still more difficult to answer.

When the plaintiff tendered the purchase price, he had fully performed the contract, and, as we have seen, became in equity the owner of the property and entitled to the rents and profits, the defendant holding the legal title as his trustee. The conveyance by the defendant to a third party in violation of her agreement and of the trust, deprived the plaintiff of the rents and profits to which he was entitled, and the law will give him indemnity for this loss by awarding interest as a substitute. ( *Worrall* v. *Munn, supra ; Bostwick* v. *Beach, supra.*) The only inquiry involved in this feature of the case is whether the referee committed any legal error in awarding interest to the plaintiff. I think it is difficult, if not impossible, to show that he did. If these views are correct, the judgment should be affirmed on the defendant's appeal, reversed on the plaintiff's appeal, and the judgment entered on the report of the referee affirmed.

GRAY, LANDON, CULLEN and WERNER, JJ., concur with HAIGHT, J.; PARKER, Ch. J., votes for affirmance because he is unable to distinguish this case from that of *Gray* v. *C. R. R. Co. of N. J.* (157 N. Y. 483); O'BRIEN, J., reads opinion in affirmance of the referee including interest.

Judgment affirmed.