(52 Misc. Rep. 535)

## DEVINE v. KERWIN.

(Supreme Court, Appellate Term. February 11, 1907.)

1. APPEAL—RECORD—QUESTIONS PRESENTED FOR REVIEW—ADMISSIBILITY OF EVIDENCE.

An appellate court will not review the admissibility of a contract offered in evidence, where it is not marked for identification and is not

annexed to the record, and the complaining party consents to the settlement of the case in that state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2899.]

**2. DAMAGES—INTEREST—RIGHT TO RECOVER ON UNLIQUIDATED CLAIM.**

Where, in an action for an unliquidated amount due for extra work done under a contract, the amount due plaintiff's assignor was largely a matter of opinion, it was error to allow interest on a verdict in his favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 141.]

**3. STIPULATIONS—ORAL AGREEMENT.**

That, after a jury brought in a verdict for damages in plaintiff's favor in an action on an unliquidated claim, plaintiff's counsel stated to the court that defendant's attorney had conceded that interest should be added, was insufficient proof of such concession, in the absence of any consent in the record to that effect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Stipulations, §§ 5, 9.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Thomas F. Devine against Andrew J. Kerwin, Jr. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered, conditionally.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

James I. Moore, for appellant.

Alexander Lamont, for respondent.

GILDERSLEEVE, J. Plaintiff's assignor, one Woods, contracted with defendant to excavate three lots to the depth of eight feet below the curb, including area, trenches, and sewer cut from street sewer and cellar, for $7,000. Plaintiff claims that said Woods did extra work of the value of $500, and sued defendant for the same. Defendant claims there was no extra work, and the work done by plaintiff's assignor was included in the original contract and paid for, and he counterclaimed $500 on the ground that Woods did not complete his contract. The jury gave a verdict for plaintiff for $250 damages, and the justice allowed interest thereon, together with the costs. Defendant appeals.

Defendant made several attempts to introduce the original contract in evidence; but the justice excluded it, and defendant excepted. The contract, however, was not marked for identification and is not annexed to the record, and defendant consented to the settlement of the case as it stands. It was said in the case of Hughes v. Hughes, 10 Misc. Rep. 183, 30 N. Y. Supp. 937, that:

"By the omission from the record presented of the papers of the exclusion of which the appellant seeks to predicate error, we are denied every opportunity for judging of their relevancy or materiality, or of their admissibility, and are unable to determine that any error prejudicial to defendant was committed in the exclusion of these papers."

And again, in the case of Mengis v. Fifth Avenue Ry. Co., 81 Hun, 485, 30 N. Y. Supp. 1002, the court said:

"The resolution was concededly in writing, and, if the defendant desired to offer it in evidence, he should have produced it, and, if rejected, should have

had it marked for identification and incorporated in the case, so that the appellate court could determine whether it was competent."

The court in his charge, to which no exception was taken by defendant, submitted the issues to the jury as follows:

"The contention of the plaintiff is that he [meaning his assignor, Woods] did some extra work, in addition to the excavating—that is, cutting out some pier holes—for which he claims he is entitled to the fair and reasonable value; and his testimony, and the testimony of his witnesses, is that the fair and reasonable value is $500. Now, the defense is simply this: That defendant had entered into an agreement with the plaintiff to do some excavating and to dig trenches, and that he (defendant) concluded at a certain period of time to dispense with the trench work, which was the original work that this plaintiff was to do—to dig the trenches and the excavation—and that in lieu of the trenches he concluded to build some pier holes, wherein he intended to set piers, and defendant's contention is that this change was agreed to by the plaintiff, and the work was paid for, and he says that the time to do this pier work, to dig these pier holes, was a great deal less than, and took less labor than, if he had dug the trenches. Now, that is the contention of the defendant; and if that be true, and they understood between themselves that these pier holes were to be dug in lieu of the trenches, then your verdict must be for the defendant. If you find that, as a matter of fact, to be the case—that they understood that, instead of the trenches, these pier holes were to be dug in lieu thereof, and the plaintiff agreed to that change—then your verdict must be for the defendant."

It would seem from this charge that defendant had little cause for complaining that the issues were not fully submitted to the consideration of the jury, so far as his side of the case was concerned. The objections to the rulings on the admission of evidence, under the circumstances, do not raise questions of sufficient weight to require discussion, as there are no errors of the court in this respect that require a reversal.

There was sufficient evidence to sustain the verdict in favor of plaintiff for $250, but the court erred in allowing interest on the verdict. As was said in Sloan v. Baird, 162 N. Y. 327, 56 N. E. 752:

"In an action to recover unliquidated damages for a breach of contract, interest is not allowable, unless there is an established market value of the property, or means accessible to the party sought to be charged of ascertaining, by computation or otherwise, the amount to which plaintiff is entitled."

In the case at bar the amount to which plaintiff was entitled was largely a matter of opinion, and not of such certainty as to justify the allowance of interest thereon. It is true that, after the jury had brought in their verdict, plaintiff's counsel stated:

"And the interest is to be added, if your honor pleases. That is conceded by the attorney for the defendant."

This, however, is insufficient proof of such concession, in the absence of any consent on the record to that effect by defendant's attorney.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate within five days to reduce the judgment by the amount of interest allowed and forming part of the judgment, in which event the judgment, as modified, will be affirmed, without costs. All concur.