KALMAN KLAUSNER, Plaintiff, *v.* QUEENS FUR DRESSING Co., INC., Defendant.

Supreme Court, New York County, October 3, 1927.

**Judgments — interest — motion to compel clerk to add interest under Civil Practice Act, § 480, as amd. by Laws of 1927, chap. 623, to verdict from date of breach to date of verdict — case was tried by court without jury and verdict was directed in plaintiff's favor — motion denied.**

This case was tried by the court without a jury pursuant to stipulation of the parties and a verdict was directed in plaintiff's favor. Upon taxation of costs the clerk refused to allow the addition of interest antedating the direction of the verdict. Plaintiff's motion, based upon section 480 of the Civil Practice Act, as amended by chapter 623 of the Laws of 1927, to compel the clerk to add interest from the date of the breach set forth in the complaint to the date of the verdict, is denied, for the proper construction of the statute is that the interest provided for therein shall be included in the total award which, in this case, was the verdict directed by the court.

MOTION by the plaintiff for an order directing the county clerk to amend the judgment by adding interest.

*Louis Schneider*, for the plaintiff.

*William D. Cunningham*, for the defendant.

FRANKENTHALER, J. Plaintiff applies for an order directing the county clerk to amend the judgment heretofore entered by adding interest " from the date of the breach set forth in the complaint herein to the date of the recovery of the judgment." The case was tried by the court without a jury, pursuant to stipulation of the parties, and a verdict was directed in plaintiff's favor for $1,500. The clerk refused to allow the addition of interest antedating the direction of the verdict. Plaintiff contends that the clerk was in error, pointing to section 480 of the Civil Practice Act, as amended by Laws of 1927, chapter 623, April 4, 1927, as authority for his position. Prior to the 1927 amendment the clerk's authority under that section to add interest to the amount of a verdict, report or decision was confined to interest *from the date of the verdict, report or decision respectively*. In those classes of actions where our courts have permitted the recovery of interest for a period prior to that date, it appears to have been the practice for *the trier of*

*the facts* to add such interest to the amount awarded. Thus, in *Simon* v. *Etgen* (213 N. Y. 589) our Court of Appeals held that it was proper to permit the jury to award interest from the date of breach, as found by it. In *Blackwell* v. *Finlay* (233 N. Y. 361) the same court decided that a verdict of $10,000 " with interest " had been properly rendered. Prior to the amendment referred to, however, recovery of such interest was only permitted where plaintiff's demand was liquidated, or where, though unliquidated, it was capable of precise measurement by practicable computations. (*Blackwell* v. *Finlay, supra; Faber* v. *City of New York*, 222 N. Y. 255.) In March, 1927, the Court of Appeals, by CARDOZO, Ch. J., extended the principle of allowing interest from the date of demand to " an action upon an implied contract to recover compensation measured by the value of the services where the recovery is not subject to counterclaim or setoff." (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1, 6.) With reference to suits to recover damages for the violation of a duty, the court said (pp. 6, 7): " We do not go into the question of the liability for interest where the cause of action is to recover damages for the violation of a duty (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *Gray* v. *Central R. R. Co. of New Jersey*, 157 N. Y. 483; *Faber* v. *City of N. Y.*, 222 N. Y. 255). The rule may then be somewhat stricter. The distinction has a possible justification in common modes of thought and practice. A bill for services is felt to cast the burden on the debtor either to pay what is demanded, or, if dissatisfied, to state how much is due. A claim for damages is felt to be more appropriately a subject for assessment by the courts or by some form of arbitration. Even in such circumstances, one marks a growing tendency to make interest an incident where it might once have been excluded (*Bernhard* v. *Rochester German Ins. Co.*, 79 Conn. 388; *Darlington* v. *Gates Land Co.*, 151 Wis. 461; *General Supply & Const. Co.* v. *Goelet*, 241 N. Y. 28, 39). How far the tendency shall be carried is not before us now." Under the amended section there can be no question that interest prior to the date of the decision, verdict or report can be recovered in an action for breach of contract, other than a contract to marry. There is, however, a question as to how this is to be effected. The theory of this motion is that the clerk is to add interest, or perhaps the court at Special Term. If interest is to be allowed from the date of breach, as plaintiff claims, how can this be done by any one other than the trier of the facts? The date of breach found by the latter may be different from that alleged in the complaint, *e. g.*, where the versions of plaintiff and defendant differ as to the date of breach. It is even conceivable that the pleadings may

not mention the date of breach. Another possibility is that the proof may result in a variance from the allegation of the complaint as to the date of breach, and that a motion may be made to conform the pleadings to the proof. It must be obvious that no one but the trier of the facts can know what the date of breach was found to be. Indeed, there is no evidence at all presented on this motion from which the court can determine when the breach occurred. The complaint alleges delivery of skins on a certain day, and a *subsequent* breach of agreement, but the time of that breach is not disclosed. There are, moreover, other considerations which tend to confirm the conclusion that only the trier of the facts can add interest to the amount awarded. It is not beyond the realm of possibility that a complaint may join with a cause of action specified in the 2d sentence of section 480 another which is not included within the scope of that section. Defendant may fail to move to compel plaintiff to elect, even where such relief would be proper, with the result that the case might be submitted on all the causes of action pleaded. In such a situation no one but the trier of the facts could know on what theory recovery was had, and it would manifestly be impossible for the clerk or the court at Special Term to determine on what cause of action the award was made. In the very case before me the complaint is so framed that it may well be said to sound both in negligence and in breach of contract. Furthermore, it is not impossible that the trial court itself included interest when it directed a verdict for the plaintiff in the sum of $1,500. Who can say that it did not? How in any case can any one but the jury, court or referee, depending upon the circumstances, know whether or not interest was included in the amount awarded? The conclusion that interest must be added or found by the trier of the facts — in the case of a jury under proper instructions — is confirmed by the language of section 480. The 1st sentence, which is the old section without substantial change, declares that the interest from the time of the verdict, report or decision " must be computed by the *clerk*, added to the total amount awarded, and included in the amount of the judgment." The 2d sentence, which is the new matter added by the amendment, fails entirely to make any mention of the clerk. The juxtaposition of the sentences lends considerable force to the thought that the Legislature intended to make a distinction between the situations covered by the respective sentences, and did not contemplate that the clerk would be the one to add interest in the cases covered by the amendment. Moreover, the 2d sentence provides that interest " shall be added to and *be a part of* the total sum *awarded*," referring to the sum awarded " by verdict, report

or decision," whereas the 1st sentence provides that the interest computed by the clerk shall be " added to the total amount awarded and included in the amount of the *judgment*." The only way in which interest can be made " part of the total sum awarded " is if the one making the award includes the interest therein. Since the award can only be made by the jury, court or referee, it follows that it is one of the latter who must add the interest. It is significant that in the cases mentioned in the first sentence of section 480, where the clerk adds the interest, the amount thereof is not made part of the total amount awarded, but is " included in the amount of the judgment." The differentiation in language emphasizes the fact that the clerk cannot make an award or make interest a part of the award, but can only add interest to the award and include it in the judgment. Indeed, the conclusion reached is reinforced by the amendment to the caption of the section. In its former form the caption of section 480 read " Interest on sum awarded to be included in recovery." In its present form it reads: " Interest to be included in recovery." The words " on sum awarded " have been omitted. The present section applies not only to interest on the sum awarded as formerly, but also to other interest, which can only be interest that has already been included in the sum awarded. This change in the caption emphasizes the probability that the Legislature intended that the interest referred to in the amendment should be added by the trier of the facts and included in the latter's award. For the reasons indicated the motion is denied.