John Tedesco and Others, Doing Business under the Firm Name and Style of Tedesco Bros., Plaintiffs, *v.* Anthony Genova and Another, Defendants.

County Court, Niagara County, May 20, 1929.

*John F. McNulty*, for the plaintiffs.

*Joseph D'Amato*, for the defendants.

Gold, J. Plaintiffs in this action ask that the verdict of the jury be corrected by adding interest to the verdict. Plaintiffs claim this right by virtue of the provisions of section 480 of the Civil Practice Act which was amended in 1927 (Laws of 1927, chap. 623) which amendment provides as follows: " Where in any action final judgment is rendered for a sum of money awarded by a verdict, report or decision, interest upon the total amount awarded, from the time when the verdict was rendered or the report or decision was made to the time of entering judgment, must be computed by the clerk, added to the total amount awarded, and included in the amount of the judgment. In every action now pending or hereafter brought wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, other than a contract to marry, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded."

The plaintiffs did not ask to have the verdict corrected at the time the jury reported, but came into court during the term asking for such correction.

Defendant objects to the same and claims that " Interest on recovery for breach of contract prior to decision must be added

to judgment by trier of facts, not by clerk," and cites *Klausner* v. *Queens Fur Dressing Company, Inc.* (130 Misc. 579).

Defendant further contends that the jury saw fit to bring in a judgment for a certain amount, and that it does not appear that the judgment as rendered by the jury did not include interest.

Both parties agreed upon one point, to wit, that the section is a mandatory direction to the court to include in the verdict on a contract action the interest thereon and that the judgment may be corrected any time prior to execution.

This action was commenced to recover a judgment in which the amount due was liquidated. The defendants, Anthony Genova and Carmele Genova, are husband and wife. The defendant Anthony Genova was not served with a summons and the trial proceeded with the defendant Carmele Genova as the only defendant in the action.

Plaintiffs claim that the defendant Carmele Genova was the one legally liable to pay the claim. The defendant contended that she was not liable but that her husband was the one liable for such payment. The jury found that the defendant Carmele Genova had made herself liable and rendered judgment against her.

The verdict of the jury was in the exact amount claimed by the plaintiffs, without any interest being added thereto, and, therefore, it is apparent that the jury did not allow any interest on the claim.

The motion being made at the same term of court at which the judgment was rendered, this court has the power to amend the judgment and not only has the power, but is compelled to do so by statute.

The motion is, therefore, granted.