PATRICK CLARK, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

*Negligence — a witness allowed to drink a glass of water and to write in order to show the tremor of his hand caused by an injury — increase of claim for damages — its allowance is discretionary.*

Upon the trial of an action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, the court may, in its discretion, for the purpose of allowing the plaintiff to show that, as a result of the accident, he suffered from tremor of the hands, permit him to illustrate that fact to the jury by attempting to drink a glass of water and to write his name in their presence.

Upon the trial of such an action, the court may, in its discretion, permit the plaintiff to amend his complaint by increasing the claim for damages from $10,000 to $20,000.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, bearing date the 28th day of January, 1902, and entered in the office of the clerk of the county of Kings, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 7th day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*I. R. Oeland* and *George D. Yeomans*, for the appellant.

*Isaac M. Kapper*, for the respondent.

WILLARD BARTLETT, J.:

This is an action to recover damages for personal injuries sustained by the plaintiff by reason of a collision between a truck which he was driving and one of the trolley cars of the defendant. Upon the argument of the appeal no question has been presented in behalf of the appellant as to the negligence of the defendant or the plaintiff's freedom from contributory negligence. Only three points are argued in the brief, and these I will consider in order.

(1) For the purpose of showing the extent of the plaintiff's injuries, he was permitted by the trial court, in the presence of the jury, to attempt to drink a glass of water and to attempt to write his name. The record indicates that, in attempting to write, the hand of the plaintiff was unsteady. As to his ability to drink, the record states: " The witness is handed a glass of water, which he takes with both hands. He spills the water and his hands tremble; then he uses a handkerchief in the same way."

It is contended in behalf of the defendant that it was error for the learned judge who presided at the trial to permit these physical demonstrations of the alleged inability of the plaintiff caused by the accident. We are referred to no direct authority on this question in any appellate court of this State; but I am inclined to think that such evidence was admissible within the fair discretion of the trial court. The injured person could certainly be allowed to testify that since the injury he had not been able to write without experiencing a tremor of the hand, or to drink a glass of water without similar inconvenience. I am unable to perceive any good reason why he may not be allowed to illustrate the extent of this incapacity, as well as to state it in words. Deception, of course, is possible in such an illustration, but it is equally possible in the oral statement. In either case the jury are to judge of the credibility of the witness.

In *Winner* v. *Lathrop* (67 Hun, 511) the plaintiff bared her wrist and exhibited it to the jury, and moved it for the purpose of showing its defects. In holding that the defendant should thereafter have been allowed to examine the plaintiff's wrist in the presence of the jury, the General Term clearly assumed that the exhibition of the wrist and the limited extent to which the plaintiff claimed to be able to move it were properly permitted.

In *Hatfield* v. *St. Paul & Duluth R. Co.* (33 Minn. 130) the Supreme Court of Minnesota said : " As the object of all judicial investigations is, if possible, to do exact justice and obtain the truth in its entire fulness, we have no doubt of the power of the court, in a proper case, to require the party to perform a physical act before the jury that will illustrate or demonstrate the extent and character of his injuries. This is in accordance with analogous cases in other branches of the law. When a view of real estate will aid the jury in reaching a conclusion, it is within the discretion of the court to permit it. When an inspection of an article of personal property will aid them, it is not infrequent to cause the article to be brought into court for the same purpose."

A distinguished law writer, Seymour D. Thompson, formerly one of the judges of the St. Louis Court of Appeals, in his treatise on the Law of Trials, lays down what seems to me to be the correct rule on this subject when he says that " it has been concluded that the trial court has power, in a proper case and under proper circumstances, to direct the plaintiff to do a physical act in the presence of the jury, which will show the character of his injuries." (1 Thomp. Trials, § 862.) Speaking from my own experience as a trial judge at the Circuit, I may say that it has been a common practice, without objection, for injured persons to be asked to demonstrate by their physical movements the extent to which they claimed to have suffered impairment of bodily motion by reason of the injuries which they had received.

(2) A second assignment of error is the action of the trial court in permitting the plaintiff to amend his complaint by increasing the claim for damages from $10,000 to $20,000. As to this point it is sufficient to refer to the case of *Zimmer* v. *Third Avenue R. R. Co. No. 1* (36 App. Div. 265) where this court, through Mr. Justice CULLEN, held that the amendment was a matter in the discretion of the trial judge and not subject to review except in the case of manifest abuse. There was no abuse of discretion here, and the recovery did not exceed the sum originally claimed.

(3) The third point is that the verdict was excessive in amount. In view of the serious permanent and progressive character of the injuries proved to have been sustained by the plaintiff, I do not

think that we should be justified in interfering with the judgment on this ground.

I advise an affirmance.

Woodward and Hirschberg, JJ., concurred; Goodrich, P. J., dissented from that part of the opinion which sustains the amount of recovery, but otherwise concurred therein.

Judgment and order affirmed, with costs.