PATRICK CLARK, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

EVIDENCE — PERMITTING THE PLAINTIFF UPON THE TRIAL OF AN ACTION FOR PERSONAL INJURY TO PERFORM ACTS ILLUSTRATING THE EFFECTS OF A NERVOUS DISORDER ALLEGED TO HAVE RESULTED THERE-FROM. Evidence addressed to the senses is not objectionable provided it is kept within reasonable limits by the exercise of a fair judicial discretion; it should be only of a nature to assist the jurors to an understanding of a situation or of an act, or to comprehend · objective symptoms resulting from an injury; but permitting the plaintiff in an action for a personal injury to give a spectacular exhibition of symptoms of what he or his physicians have testified to be some nervous affection resulting from the injury, *i. e.,* the taking a glass of water with both hands and spilling the water through the trembling of his hands and using his handkerchief in the same manner, while not an abuse of judicial discretion, is on the border line of such error : the exhibition is improper because unfair; under the sole control of the witness himself, it is beyond the ordinary tests of examination ; there can be no record of such evidence beyond the stenographer's notes of what he saw upon the trial, it tends to prejudice the jury and is calculated to affect the calm judicial atmosphere of a court of justice.

*Clark* v. *Brooklyn Heights R. R. Co.,* 78 App. Div. 478. affirmed.

(Argued January 27, 1904; decided February 9, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

February 13, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*I. R. Oeland* and *George D. Yeomans* for appellant. The trial court permitted the plaintiff to attempt to drink a glass of water before the jury for the purpose of showing how he trembled, permitted the plaintiff to attempt to write his name for the purpose of showing the extent of his injuries. This was error, necessitating a reversal of this cause. (*Jim* v. *State*, 4 Humph. 290 ; *State* v. *Sanders*, 68 Mo. 204; *Yates* v. *People*, 38 Ill. 531 ; *Underhill* v. *Waite*, 9 N. Y. Wkly. Dig. 438; *Hatfield* v. *S. P. & D. R. Co.*, 33 Minn. 130 ; *U. S.* v. *Reid*, 42 Fed. Rep. 134.)

*Isaac M. Kapper* and *Thomas E. Pearsall* for respondent. The showing of plaintiff's injury was purely a matter of discretion with the trial court. (*Hagenlocher* v. *C. I., etc., R. R. Co.*, 99 N. Y. 136 ; *Osborne* v. *City of Detroit*, 36 Fed. Rep. 36 ; *Cole* v. *F. B. C. Co.*, 159 N. Y. 59 ; *McMahon* v. *B. & N. Y. F. Co.*, 10 App. Div. 376 ; *Winner* v. *Lathrop*, 67 Hun, 511 ; *McNaier* v. *M. Ry. Co.*, 4 N. Y. Supp. 319 ; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77 ; *Perry* v. *M. S. Ry. Co.*, 68 App. Div. 351 ; *C. & A. R. R. Co.* v. *Clausen*, 173 Ill. 100 ; *Carrico* v. *W. V., etc., R. R. Co.*, 39 W. Va. 86.)

GRAY, J. In this action, brought to recover damages for personal injuries sustained by the plaintiff, as the result of a collision between his wagon and a car, he was allowed by the court to leave the witness stand assisted and, at the request of his counsel, to exhibit himself to the jury in the act of writing his name and of taking a drink of water. The record represents him, through the stenographer's notes, as taking a glass of water with both hands and as spilling the water,

through the trembling of his hands, and as using his handkerchief in the same manner. The point of this exhibition was to illustrate, or to emphasize, his testimony that he could use his hands with difficulty, either to hold things, or to drink a glass of water. The injuries, received at the time of the collision, consisted in the fracture of two ribs and in various minor contusions; which did not prevent his leaving the hospital the day after. He was a man of fifty-seven years of age and it was his claim that, about two months after the accident, he was affected by tremor, or a muscular twitching, and medical testimony was given to that effect and of tests, similar to the one described as made upon the trial. He recovered a verdict of $10,000 and the Appellate Division has affirmed the recovery. Upon this appeal, the only question for our consideration arises upon the exception of the defendant to the plaintiff's being permitted to go through his performances before the jury.

We think that the court should not have stretched its discretion to such an extent and that, while it may not have been an abuse of judicial discretion, it was on the border line of such an error.

The object of all evidence is to inform the trial tribunal of the material facts, which are relevant as bearing upon the issue, in order that the truth may be elicited and that a just determination of the controversy may be reached. It is not objectionable, in these cases, that the evidence may go beyond the oral narrative and may be addressed to the senses; provided that it be kept within reasonable limits by the exercise of a fair judicial discretion. It should be only of a nature to assist the jurors to an understanding of a situation, or of an act, or to comprehend objective symptoms resulting from an injury. Examples of this class of evidence are frequent; in the viewing of the place of an occurrence, in the production of some article relevant to the issue, or in the exhibition of the person and of the marks, or obvious evidences, of injuries sustained. Personal injuries may be simulated and deception may be practiced in such exhibitions; but that can no more

be prevented, than can perjury in testimony.    When, how-
ever, proof is attempted to be made, by allowing the plaintiff
to act out upon a judicial stage before the jurors what he, or
his physicians, have testified to be some nervous affection,
resulting from an injury, the exhibition is improper because
unfair.    As something under the sole control of the witness·
himself, it is beyond the ordinary tests of examination.    Nor
does such evidence allow of any record, beyond the reporter's
notes of what he saw upon the trial.    It is intended to preju-
dice the minds of the jurors and it is calculated to affect the
calm judicial atmosphere of a court of justice.    The plaintiff,
in such cases, has sufficient advantages without adding to
them a spectacular illustration of his symptoms.    The Appel-
late Division, in its general jurisdiction to review the proceed-
ings upon trials, might well have ordered a new trial, in the
interests of justice.    As it is we are compelled to affirm the
judgment, with costs, because the matter was discretionary.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and
WERNER, JJ., concur.

Judgment affirmed.