## KENNEY v. SOUTH SHORE NATURAL GAS & FUEL CO.

(Supreme Court, Appellate Division, Fourth Department.   May 6, 1908.)

1. PLEADING—AMENDMENT—AUTHORITY OF COURT.

Though the court on the trial of an action for personal injury may in its discretion permit plaintiff to amend his complaint by increasing the damages demanded, it cannot properly permit such an amendment merely on plaintiff's motion, unsupported by any suggestion why application for the privilege had not previously been made, or excusing the apparent laches in not earlier presenting the application.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 732.]

2. SAME.

Where application is made at Special Term for an amendment to a pleading, some reason showing the propriety of the amendment is required, or the motion is properly denied.

3. APPEAL—REVIEW—HARMLESS ERROR—AMENDMENT OF PLEADINGS.

On the trial of a personal injury action, occurring 19 months after the accident and 16 months after the joining of issues, plaintiff, after the selection of the jury and before the taking of any evidence, moved to amend the complaint by increasing the damages from $10,000 to $25,000.   The court reserved its decision until the evidence on both sides had been practically completed, when it allowed the motion.   The record showed no reason for the granting of the motion, unless the court's action was influenced by the evidence produced at the trial as to the extent of plaintiff's injuries.   The motion was made in the presence of the jury.   *Held,* that the allowance of the motion was reversible error, and probably influenced the jury in arriving at a verdict awarding $20,000 damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4106–4109.]

Spring, J., dissenting.

Appeal from Trial Term, Chautauqua County.

Action by Johanna Kenney against the South Shore Natural Gas & Fuel Company and others.   From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant, the South Shore Natural Gas & Fuel Company, appeals.   Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George Clinton, for appellant.

A. B. Ottaway, for respondent.

ROBSON, J.   Plaintiff has recovered a judgment against the defendant company for $20,000 damages, which the jury has found she suffered by reason of this defendant's negligence.   Her injuries occurred October 10, 1905.   The summons and complaint were served on this defendant December 8, 1905, and defendant's answer was served January 17, 1906.   Trial of the action was begun May 17,

1907. After the selection of the jury, and before any evidence had been taken, plaintiff moved to amend her complaint by changing the amount asked in her prayer for relief from $10,000 to $25,000. Defendant's counsel duly objected, and the court reserved its decision thereon. The evidence on both sides had been practically completed before the court passed upon the motion, and allowed the amendment asked for. Defendant duly excepted.

The record before us does not disclose any ground whatever upon which plaintiff based this application; nor is there anywhere, either in the recital of the application itself or in the statement of the court on granting the motion, a suggestion of a reason why such an amendment was asked for at that time, nor why it was then granted. The accident occurred more than 19 months, and the issues had been fixed by the pleadings served 16 months, prior to the trial. Plaintiff left the hospital at which she received treatment for her injuries July 4, 1906; and, as her injuries were the direct result of the accident, not complicated by any condition developed after leaving the hospital, she must necessarily have known their extent many months before the amendment, increasing her demand, was asked for. It seems that the court on the trial of an action may, in the proper exercise of its discretion, permit plaintiff to amend his complaint by increasing the amount of damages demanded. Zimmer v. Third Ave. R. R. Co., 36 App. Div. 265, 55 N. Y. Supp. 308; Clark v. Brooklyn Heights R. R. Co., 78 App. Div. 478–480, 79 N. Y. Supp. 811, affirmed 177 N. Y. 359, 69 N. E. 647. Although the exercise of this power of the trial court has received frequent recognition and approval, we do not think such an amendment can properly be permitted simply upon plaintiff's motion, unsupported by any suggestion explaining why application for the privilege had not previously been made at Special Term, or excusing the apparent laches in not earlier presenting such application. Even if application had been made at Special Term for the desired amendment, some reason showing the propriety of the amendment at that time would have been required or the motion would have been properly denied. The fact that plaintiff, having for a considerable time before trial full knowledge of the extent of the injuries complained of, first made application for such an amendment of his complaint on the trial of the action, has been held to be sufficient reason for denying the application thereafter made at Special Term, though the trial court had on the application made at the trial permitted plaintiff to withdraw a juror and the case to go over, in order that he might make such a motion at Special Term. Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106.

Beyond the fact that such a motion was made in behalf of plaintiff, the record now before us, to which we are necessarily limited in our consideration of the case, discloses no reason for granting the motion, unless the action of the court thereon was influenced by the evidence produced on the trial as to the extent and nature of plaintiff's injuries. As the motion was made in the presence of the jury, and the court held its disposition thereof until after the evidence was concluded, it is at least probable that the jury may have been to some extent influenced in arriving at the unusually large verdict awarded by the,

perhaps unwarranted, assumption that the court, after hearing the evidence, concluded that plaintiff had shown herself entitled to larger damages than she had at first demanded in her complaint, and that the court's favorable action on the motion was due to that fact. We cannot say that the statement of the court when referring to the fact that this motion had been granted would surely remove from the minds of the jury such impression and inference.

We do not now assume to pass upon the question whether the plaintiff on proper application may not be entitled to such an amendment; but hold simply that, as the case is now presented to us, the motion was improperly granted and the verdict therefore unwarranted.

Judgment, order denying new trial, and order permitting amendment of complaint reversed, with costs to appellant to abide event; but without prejudice to plaintiff's application at Special Term for leave to amend complaint, if so advised.

All concur, except SPRING, J., who dissents in memorandum.

SPRING, J. (dissenting). I dissent from the opinion of the majority of the court. The motion was made for an amendment to the complaint increasing the damages from $10,000 to $25,000 at the commencement of the action. An objection was made, but it was not accompanied with an affidavit setting forth the reasons therefor; nor was any objection interposed that the defendant was taken by surprise, or that it desired a postponement of the case for any other reason. The decision was reserved by the trial justice. No objection was interposed to this action of the court. It is not usual where a motion is made on the trial to increase the amount of damages to accompany the application with an affidavit. At the close of the evidence, as is stated in the opinion, the motion was granted and an exception taken. I think the decision of this motion was entirely in the discretion of the trial court. Zimmer v. Third Ave. R. R. Co., 36 App. Div. 265, 55 N. Y. Supp. 308; Dunham v. Hastings Pavement Co., 95 App. Div. 360, 362, et seq., 88 N. Y. Supp. 835; Clark v. Brooklyn Hts. R. R. Co., 78 App. Div. 478, 480, 79 N. Y. Supp. 811; Dakin v. L. & L. G. Ins. Co., 13 Hun, 122, 124. In the Dunham Case, supra, at page 363 of 95 App. Div., page 837 of 88 N. Y. Supp., the court say:

"Nor was there any error in increasing the amount of damages claimed at the close of the trial. That such amendment can be made has frequently received the approval of both this court and the Court of Appeals"—citing cases.

It seems to me that something should be left to the discretion of the trial court. If the defendants had resisted this motion on the ground that they were taken by surprise, or that it should not be granted for any other good reason, the case would be presented in another aspect. But no such objection was interposed. The plaintiff was very seriously and permanently injured, and the fact that the jury gave a verdict of $20,000 is some justification for the decision of the court allowing the amendment.