### SANDRESKY v. ERIE R. CO.

(Supreme Court, Special Term, Erie County.   June 1, 1915.)

1. RAILROADS ⬤⟿350—ACCIDENTS AT CROSSING—CONTRIBUTORY NEGLIGENCE—DUTY TO STOP—AUTOMOBILE.

A driver of an automobile is not required to stop, look, and listen before driving over a railroad track, and is not negligent as a matter of law in approaching a crossing without having his car under such control that he could stop it in less than 20 feet on a slippery street.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. ⬤⟿350.]

2. PLEADING ⬤⟿238—AMENDMENT AT TRIAL—NECESSITY OF SHOWING.

In an action for personal injuries to a physician, and damage to his automobile caused by a collision at a railroad crossing, where plaintiff had fully recovered, and had had his car repaired before the complaint was filed, it was error to permit him at the trial, without any affidavit therefor, to amend his complaint so as to increase the amount of damages claimed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. ⬤⟿238.]

Appeal from City Court of Buffalo.

Action by Paul H. Sandresky against the Erie Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, unless the plaintiff shall stipulate for a reduction of damages to an amount within the cause of action as originally pleaded.

Kellogg & Branch, of Buffalo ·(Charles J. Staples, of Buffalo, of counsel), for plaintiff.

Moot, Sprague, Brownell & Marcy, of Buffalo (Welles V. Moot, of Buffalo, of counsel), for defendant.

WOODWARD, J.   This action was brought to recover damages for personal injuries, and for injuries to the plaintiff's automobile, alleged to be due to the negligence of the defendant.   There is a clear conflict of evidence in this case.   The plaintiff, a doctor, was driving his automobile along a highway which crosses the defendant's railroad track at grade.   The roadway appears to have been slippery, and just as the defendant's engine and cars, which were being switched over this track, came from behind an obstruction, the plaintiff was so near that in turning his automobile the ·car skidded and collided with the defendant's engine, producing the injuries to the plaintiff and the automobile for which he has been ·given a judgment for

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

$386.40. The negligence principally complained of was the alleged failure of the defendant to give warning of the approach of its engine and cars, and upon this point there was a conflict of evidence, and we see no reason for disturbing the verdict of the jury.

[1] It was urged, however, that the plaintiff was guilty of contributory negligence as a matter of law, and several cases tried in the federal courts are cited, apparently holding that it is the duty of the plaintiff to stop, look, and listen in driving an automobile over a railroad track in a dangerous situation, but we think that is not the rule of law in this state. In approaching a dangerous situation it is undoubtedly the duty of the driver of an automobile to use reasonable care, and to have his machine in control, but this is not a requirement that he should exercise that extraordinary degree of care for which the defendant contends. The plaintiff's car was equipped with chains, but the condition of the street seems to have been such that the chains did not prevent its skidding, and we know of no rule of law which requires the driver of an automobile to have his car in such control that he can stop it within a distance of 20 feet under all circumstances, and that was what was necessary in this particular case if the accident was to be avoided. The plaintiff appears to have attempted to turn his car to run alongside of the track, in an effort to avoid the impending contact, and this was defeated because of the slippery condition of the street. We think the situation was one which was peculiarly for the jury to determine, and that the verdict should not be disturbed.

[2] At the opening of the trial, without an affidavit of the plaintiff, the latter was permitted to amend his complaint, increasing the demand for damages from $240.46 to $545.46, and this presents the question principally argued on this appeal. The plaintiff was injured on the 18th day of February, 1914, and had fully recovered within a few weeks of that time, and the complaint was verified on the 28th day of May, 1914, at a time when the injuries must have been known to the plaintiff, who was a physician, yet by this amendment he was permitted to increase his demand for damages for the personal injuries from $100 to $250, while the increase in demand in respect to the automobile, which appears to have been repaired as early as March 18th, was from $146 to $295.46. All of the essential facts must have been known when the complaint was verified, but the plaintiff was permitted to increase this demand at the opening of the trial, without giving any ground for such change.

In Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106, the plaintiff moved on the affidavit of his attorney for leave to amend the complaint by increasing the demand for damages at Special Term. This motion was granted, but the court on appeal reversed the order, holding that, where the facts were within the knowledge of the plaintiff, it was improper to move upon the affidavit of the attorney, without giving some excuse for the same. It was also pointed out that the plaintiff's attorney had been aware of the facts for a long time prior to the making of the motion, but that, beyond telling the defendant's

attorney that he was going to move at the trial for such amendment, nothing was done until the case was called for trial, when the motion was made and denied; the court permitting the plaintiff to withdraw a juror for the purpose of renewing the motion at Special Term.

The plaintiff seems to concede that this case is against him, but urges that Rhodes v. Lewin, supra, has not been followed. We are of the opinion, however, that the authority of this case is not to be questioned. It was cited approvingly in Kenney v. South Shore Natural Gas & Fuel Co., 126 App. Div. 236, 110 N. Y. Supp. 503, in Danzig v. Baroody, 140 App. Div. 542, 546, 125 N. Y. Supp. 797, and in Quarantiello v. Grand Trunk Ry. Co., 145 App. Div. 138, 140, 129 N. Y. Supp. 109. In the latter case the court, after pointing out that amendments should be permitted in proper cases, say:

"But it is equally clear that such relief should be granted, * * * or some measure of excuse for failure to put the pleading in proper form within the time prescribed by the statute for that purpose is given [citing authorities]. It also seems to be definitely settled that, when a party asks such a favor, he should present his reasons therefor in his own affidavit, unless it is made to appear that the facts upon which the application is based are peculiarly within the knowledge of some other person whose affidavit is presented."

We think the present case is within the rule, and that it was error to permit the plaintiff to amend the complaint in the presence of the jury, and that because of this error the judgment should be reversed, with costs, unless the plaintiff is willing to stipulate that the damages shall be reduced to come within the cause of action originally pleaded. If such stipulation is made, then the judgment, as so modified, should be affirmed, without costs.