GEORGE E. BLACKWELL, Appellant and Respondent, *v.* CHARLES E. FINLAY, Respondent and Appellant.

**Interest — when allowed in contract on claims contested and not strictly liquidated.**

1. Where an account for ordinary services, or goods sold and delivered, which has become due and is payable, although contested and not strictly liquidated, is presented to the debtor and payment demanded, the debtor is put in default and interest is set running. (*White* v. *Miller*, 78 N. Y. 393, 399, followed.)

2. Where the account for work, labor or services is substantially liquidated, the liability to pay alone being litigated, interest may be recovered from the time payment for the services was due and the debtor was put in default.

3. The fact that, at the close of the evidence upon the trial, the plaintiff was allowed to amend his complaint by alleging that the value of his services was a certain sum, larger than that stated in his original complaint, and demanding judgment for that amount, was harmless, where the verdict was for the original amount and the defendant is not contesting the value of the services as originally alleged in the complaint. (*Faber* v. *City of New York*, 222 N. Y. 255, distinguished.)

*Blackwell* v. *Finlay*, 196 App. Div. 436, modified.

(Argued April 22, 1922; decided May 9, 1922.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered May 19, 1921, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Edgar J. Nathan* for plaintiff, appellant and respondent. The unanimous affirmance at the Appellate Division carries with it the presumption that there is evidence to sustain the verdict. (*Artz* v. *Leiberson*, 233 N. Y. 16; *Matter of City of New York*, 224 N. Y. 454.) The jury had a right to render a verdict for the value of plaintiff's services, with interest. (*Faber* v. *City of New York*, 222 N. Y. 255; *Tuzzeo* v. *American Bonding Co.*, 226 N. Y. 171; *Demott* v. *Whybrow*, 263 Fed. Rep. 366; *Van Rensselaer* v. *Jewett*, 2 N. Y. 135; *Adams* v. *Fort Plain Bank*, 36 N. Y. 255; *Mygatt* v. *Wilcox*, 45 N. Y. 306; *White* v. *Miller*, 78 N. Y. 393; *Gray* v. *C. R. R. of N. J.*, 157 N. Y. 483; *Hills* v. *Ætna L. Ins. Co.*, 39 N. J. L. 132; *McGrimley* v. *Hill*, 232 Mass. 462; *Bernhardt* v. *Rochester German Ins. Co.*, 79 Conn. 388.)

*Henry M. Earle* for defendant, respondent and appellant. Interest was properly disallowed. (*Faber* v. *City of New York*, 222 N. Y. 255; *Bradley* v. *McDonald*, 157 App. Div. 472.)

Pound, J. Plaintiff, an attorney and counsellor at law, brought suit to recover the reasonable value of services rendered by him to defendant. The defendant alleged that the services were performed under a contract, at an agreed compensation. The jury found for the plaintiff on this issue and rendered a verdict in his favor for $10,000 " with interest," which was the amount demanded in the complaint. The unanimous decision of the Appellate Division that there is evidence sustaining the verdict may not be reviewed by the Court of Appeals. (Const. art. 6, § 9.)

The plaintiff appeals from so much of the judgment of

the Appellate Division as strikes out from the judgment of
the trial court the sum of $1,250.47 for interest to the
day of the trial from October 5, 1917, the day when
plaintiff presented his bill for $10,000, which defendant
refused to pay. This item was stricken out by the Appel-
late Division because the claim was unliquidated and no
method existed by which it could be computed. The
court applied strictly the rule that interest on unliquidated
demands will be allowed as damages only when the debtor
knows or may ascertain by practicable computations
precisely what he is to pay and when he is to pay. (*Faber*
v. *City of New York*, 222 N. Y. 255.) Without seeking
to bring order out of the chaos in which the present state
of the law on the subject exists, we may safely repeat the
familiar rule that a claim for legal services resting on a
*quantum meruit* draws interest from the time when a
demand is made after the close of the services and the
debtor is thus put in default. (*Mygatt* v. *Wilcox*, 45 N. Y.
306; *White* v. *Miller*, 78 N. Y. 393, 399; *deCarricarti* v.
*Blanco*, 121 N. Y. 230; *Sweeny* v. *City of New York*, 173
N. Y. 414, 416.) It would indeed work great injustice if
one who renders ordinary services, whether professional or
otherwise, or sells ordinary commodities, could not, by pre-
senting his bill and demanding payment, put the debtor in
default and start interest running. The rule is a sound
one, and commendable in its application here, where
the plaintiff has recovered the exact amount demanded
by him from defendant. (*Pearson* v. *Ryan*, 42 R. I.
83.)

Nothing that is said in *Faber* v. *City of New York* con-
flicts with the rule herein stated. It has long been held
that an attorney is entitled to recover interest on his
account after he renders it to his client, when it should
have been paid. If a city official may say, on a claim
rendered by a contractor on a public improvement, where
the amount of work and the value of the work are alike
in dispute, that he cannot determine the amount due by

any ascertainable tests, he may prevent the allowance of interest on the claim for damages as finally established. If, however, the question was not as to amount and value of work done, but as to liability to pay therefor under a contract, interest could not justly be withheld from a successful claimant.

At the close of the evidence the plaintiff was permitted to amend his complaint by alleging that the value of his services was $17,000 and demanding judgment for that amount. If the verdict had been for more than the amount originally demanded, it might have been urged that this was an abuse of discretion and that the trial judge was without power to permit the amendment. We agree, however, with the learned Appellate Division that defendant was not prejudiced. He was not contesting the value of the services as originally alleged in the complaint. (*Clark* v. *Brooklyn Heights R. R. Co.*, 78 App. Div. 478; affd., 177 N. Y. 359; *Kenney* v. *South Shore Natural Gas & Fuel Co.*, 126 App. Div. 236.)

The judgment should be modified by striking out the provision modifying the judgment of the Trial Term allowing interest on account, and as so modified affirmed, with costs to the plaintiff, appellant, in this court and in the Appellate Division.

HISCOCK, Ch. J., McLAUGHLIN and ANDREWS, JJ., concur; HOGAN and CRANE, JJ., vote for affirmance; CARDOZO, J., not sitting.

Judgment accordingly.