JOHN B. BREYMANN and Others, Respondents, *v.* MORRIS & CUMMINGS DREDGING COMPANY, Appellant.

First Department, July 14, 1922.

**Trial — verdict — action to recover for work and labor in dredging based on quantum meruit but changed on trial to theory of contract giving plaintiffs right to fix price per yard — price fixed and claimed by plaintiffs at one dollar — verdict which is compromise as to liability improper — interest not allowable on claim.**

In an action based on *quantum meruit* to recover for work and labor performed by the plaintiffs in dredging and removing material, in which the plaintiffs changed the theory of the action on the trial to one based on an express contract which they claimed authorized them to fix the price per yard for the excavating, and which they claimed to have fixed at one dollar per yard, the general verdict of the jury in favor of the plaintiffs at seventy-five cents per yard is contrary to the instructions of the court and to the plaintiffs' theory of the trial and cannot stand, where it appears that the court submitted the case to the jury on the theory that the plaintiffs must prove, in order to recover, that the contract was as they claimed and that the court submitted to the jury the questions whether the defendant's representative told the plaintiffs that they might name their own price, and whether the price fixed at one dollar per yard was honestly fixed, and that the jury informed the court that they could not agree on answers to the questions but could render a general verdict.

The verdict rendered was a compromise on the question of liability and not as to amount.

Interest was not allowable, since there was no market value for dredging of this character and it was not possible by mere computation to determine the amount due the plaintiffs.

APPEAL by the defendant, Morris & Cummings Dredging Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of December, 1921, upon the verdict of a jury, as amended by an order entered in said clerk's office on the 31st day of December, 1921, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Kaye, McDavitt & Scholer* [*Almet F. Jenks* of counsel; *John M. Enright* and *Jacob Scholer* with him on the brief], for the appellant.

*Merrill, Rogers & Terry* [*Charles Thaddeus Terry* of counsel], for the respondents.

PAGE, J.:

The cause of action stated in the complaint was on a *quantum meruit* for work, labor and services performed by the plaintiffs at

the request of the defendant in and about certain dredging and the removing of material dredged in the Hudson river at the foot of West Forty-sixth street, borough of Manhattan, which work was reasonably worth $41,168. The answer admits that the plaintiffs agreed to do certain work for the defendant but alleges that the parties entered into an express contract for the performance of the work.

The work to be done was dredging certain riprap and mud alongside a pier to enable the dock to be used by the United States government during the World War, in connection with the steamship *Leviathan.* It was emergency work. The plaintiffs' evidence tended to prove that they entered into an agreement with the defendant to do the work and were told they could fix the price, or as it was expressed, write their own ticket, and that they fixed the price at one dollar per yard and excavated 41,168 yards and hence were entitled to $41,168, with interest from December 20, 1917, at which time they sent the bill for same.

The defendant gave evidence tending to show that the agreement was to pay the cost of doing the work plus a reasonable profit.

Upon the trial the plaintiffs deliberately changed the theory of the action from a *quantum meruit* to an express contract for a fixed price. The plaintiffs' counsel, in support of an objection to a question calling for an expert opinion on the fair and reasonable price for doing the work, said: " The further objection to any line of testimony of this sort is that the plaintiffs are suing upon an express contract, which excludes the question of general observation of prices, and what might be the basis of a *quantum meruit* as it is known. This is the same case as though John Smith had said to Brown ' You do this piece of work for me and we will leave the price to X. It is emergency and I want you to do the work, and we haven't time to talk about prices, we will just leave it to X, when you finish,' instead of which he said, ' I will leave it to you.' So that when that price is fixed, then it is just the same as though it had been in the contract originally at that price, if your Honor please,— and I am speaking very carefully here, or trying to — so long as the man who fixes the price is honest about it. That is the sole test. Is he acting in good faith and in honesty when he fixes his price? If he is, that price is the contract price and it does not make any difference what the other circumstances were. That is the objection, too, and it is a substantial one, to all this line of testimony." The case was submitted to the jury by the learned trial justice clearly and distinctly on the theory that the plaintiffs to recover must prove by a preponderance of the evidence that the contract was as they claimed, that they were to do the work and

fix their own price, which meant that they could not act arbitrarily, that they should not take into consideration that they had the other concern in their power and could make them pay what they wanted to, but that the bill should be compensatory and should have some fair relation to what reasonable men would do under the circumstances. The testimony which had been admitted as to market price was to enable the jury to decide whether the charge made by plaintiffs was fair and reasonable. But they were not to be governed by market price, because neither party claimed that the work was to be done according to market price. And further he charged: " The defendant's claim is that no such contract was made; and if you believe the defendant, or if you believe the plaintiffs have not established that contract, you must find for the defendant."

On the request of the plaintiffs' attorney the following questions were submitted to the jury: "*First,* did Schomburg tell Breymann that the plaintiffs could name their own price if they would do the work? *Two,* in fixing the price at a dollar per cubic yard, did the plaintiffs honestly think that they were entitled to charge that sum? *Three,* if there is any sum due the plaintiffs what that sum may be? " The jury returned and the following occurred: " The Foreman: In case we compromise the amount which the plaintiffs are entitled to, do we include interest or do they get interest anyway? The Court: When you say ' compromise the amount ' you mean when you award them less than they claim? The Foreman: Yes. The Court: You have nothing to do with the interest; I will pass on that question. The Foreman: Some of the jurors in the case of a compromise want to know whether they would get interest, and they might side in with the compromise with the other jurors. If not they would not decide." The jury then retired and later sent a note to the court that they could render a general verdict but could not agree on the special questions. The court said: " Then I will withdraw the questions," to which defendant's counsel objected. The court nevertheless accepted a verdict of seventy-five cents a cubic yard for the full amount of 41,000 cubic yards and withdrew the questions. This verdict was contrary to the instruction of the court and also contrary to the plaintiffs' theory of the trial, and clearly was a compromise verdict. Some of the jurors evidently believed that the plaintiffs had proved the contract, while others did not. The compromise, therefore, was on the question of liability and not as to the amount. If the evidence did not establish the contract as testified by the plaintiffs' witnesses, then the contract was as testified by the defendant's witnesses which would allow the plaintiffs cost plus a reasonable

profit, the amount of which was not shown.  The case was tried on the theory that the plaintiffs were entitled to recover one dollar per yard, and could not recover on a *quantum meruit.*  The jury under the instruction of the court could have found that the contract was as plaintiffs claimed, but that a dollar a yard was unreasonable, and then have given a verdict for such amount as they decided was reasonable under the circumstances.  The difficulty, however, is that the jury could not agree that the contract was as the plaintiffs claimed.

In this case we are of opinion also that interest should not have been allowed.  In *Faber* v. *City of New York* (222 N. Y. 255, 262) the court thus stated the rule: " The question of the allowance of interest on unliquidated damages has been a difficult one.  The rule on this subject has been in evolution.  To-day, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day.  The test is not whether the demand is liquidated.  Was the plaintiff entitled to a certain sum?  Should the defendant have paid it?  Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards?  (*Van Rensselaer* v. *Jewett,* 2 N. Y. 135; *McMahon* v. *N. Y. & Erie R. R. Co.,* 20 N. Y. 463; *Gray* v. *Central R. R. Co. of N. J.,* 157 N. Y. 483.)

" In the case at bar the amount of rock excavated was subject to computation.  But the evidence does not show that this work had an established market value.  (*Gray* v. *Central R. R. Co. of N. J., supra.*)"

The case of *Blackwell* v. *Finlay* (233 N. Y. 361, 363) is not in conflict with either the *Faber* case or the case under consideration.  In the *Blackwell* case the action was to recover the reasonable value of professional services of an attorney.  The recovery was for the exact amount of the demand, thus showing that there was a " market price " or standard of the value of such services that rendered the amount of the claim capable of ascertainment by computation, while in this case it was  demonstrated that there was no market value for dredging of this character.  The plaintiffs did not recover on what they alleged to be the contract.  Under the circumstances no one could have computed the amount that would be due until it was stated by the jury.  Had the jury found for the plaintiffs for the amount that they had fixed by their bill and that such was in accordance with the contract, then plaintiffs would have been entitled to interest from the date of their demand.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.