In the Matter of the Estate of ISAAC D. WEST, Deceased.*

Surrogate's Court, Oneida County, February 11, 1931.

*R. S. & Smith Johnson* [*R. S. Johnson* of counsel], for the claimant.

*Hayden, Setright & Southwick* [*T. W. Southwick* of counsel], for the administratrix.

EVANS, S.  This is a proceeding for a judicial settlement and the trial of two rejected claims filed by the same claimant.

---

* See, also, 139 Misc. 645.

One claim is for legal services rendered for the decedent and the other is for legal services performed for the administratrix of his estate. There is no substantial dispute concerning the actual rendition of the services.

For convenience the first mentioned claim will be designated No. 1 and the other No. 2.

The services in No. 1 consisted in part of an examination of public records in the office of the county clerk, preparing the usual petition and schedule of assets and liabilities for the purposes of bankruptcy, filing the same and performing generally the necessary service in connection with a voluntary proceeding in bankruptcy. Payment for this service is resisted on the alleged ground that the attorney became a creditor of the bankrupt and that his claim was extinguished by the discharges of the bankrupt. To support this theory the definition of a creditor within the meaning of the act is quoted. " ' Creditor ' shall include anyone who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy." (Bankruptcy Act, chap. 1, § 1, subd. 9; U. S. Code, tit. 11, § 1, subd. 9.)

This section I think has no application to the point involved here. Evidently the purpose in specifically referring to an agent, attorney or proxy is that the existence of a fiduciary relation between the bankrupt and an agent, attorney or proxy does not affect the status of such person as a creditor. The word " attorney " in the sense used I think means a person acting under a power of attorney and not an attorney at law.

It is even conceivable that an attorney at law might have a claim against a bankrupt for services, unconnected with the bankruptcy proceeding and in that event such a claim would be subject to the same course as that of other creditors. The services performed by an attorney in the actual proceeding of bankruptcy is a preferred claim. This is true both when the attorney acts for the bankrupt or for his trustee.

Debts which have priority: " The court shall order the trustee to pay * * * (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, while performing the duties herein prescribed, and to the *bankrupt* in voluntary cases, as the court may allow." (Bankruptcy Act, § 64; U. S. Code, tit. 11, § 104.)

The fact that there were no assets out of which a court might make an allowance to the attorney for a voluntary bankrupt does

not as a matter of law satisfy the debt. Even a debt discharged in bankruptcy is a good consideration to support a new promise of payment if made in writing. (Pers. Prop. Law, § 31, subd. 5.)

There is evidence in this case of an oral promise made by the decedent to pay the claimant for his services long after they were rendered. This fact adds nothing except as a matter of proof.

There was here an implied promise to pay and the validity of that portion of the claim is established.

The other main item in No. 1 is for proceedings in court to discharge and satisfy fifteen judgments against the decedent that were included in the bankruptcy proceeding.

It is conceded by the administratrix that this service was performed and this charge is allowed.

There are two other small charges that are not disputed except as to amount. The claimant demands interest on the several items from the date when the work was done.

It is conceded that the claimant never rendered a bill to the decedent or that he ever demanded payment.

There exists considerable confusion respecting the allowance of interest. It is fundamental, however, that on unliquidated demands the debtor must know or be able by computation to know what and when he is to pay.

That is the test that determines the default of the debtor and fixes the time of the running of interest. (*Faber* v. *City of New York*, 222 N. Y. 255.)

This rule has been announced in several cases. " A claim for legal services resting on a *quantum meruit* draws interest from the time when a demand is made." (*Blackwell* v. *Finlay*, 233 N. Y. 361; *de Carricarti* v. *Blanco*, 121 id. 230; *White* v. *Miller*, 78 id. 393; *Mygatt* v. *Wilcox*, 45 id. 306; *Sweeney* v. *City of New York*, 173 id. 414.)

It follows that no interest should be allowed on this claim and this also applies to an allowance of costs.

This subject is regulated by section 1499 of the Civil Practice Act and authorizes such allowance only when the payment of a claim has been " unreasonably resisted or neglected."

It has been the uniform practice in this court to deny costs in contested claims.

Representatives of estates generally have no personal knowledge concerning claims and they should feel free to reject claims if a doubt exists. This freedom of action should not be hampered by the fear of possibly involving an estate in costs. The trial of ancient claims is generally due to the laxness of the creditor.

Claim No. 1 is allowed at $670.

The service rendered under Claim No. 2 was for the administratrix, on which the sum of $460 is claimed to be due.

There is included in this claim an item of $150 to cover service in preparing an account in the estate of Florence A. West, of which the decedent was the representative. This proceeding was abandoned and the account never filed.

Expenses of administration must be confined to the estate affected and for its benefit. The administratrix is not entitled to compensate her attorney from the assets of this estate.

The abortive attempt to account in the Florence A. West Estate, I think, created a personal rather than an official liability for the value of the attorney's services.

The estate was not benefited by this legal gesture. (*Mygatt* v. *Wilcox*, 45 N. Y. 306; *Matter of Smith*, 111 App. Div. 23.)

Claim No. 2 is allowed at $310, making a total allowance in both claims of $980.

Decreed accordingly.