TOWN OF KEARNY, complainant,

*v.*

NEW JERSEY SUBURBAN WATER COMPANY et al., defendants.

[Decided March 22d, 1932.]

*Mr. Leo S. Carney,* for East Newark.

*Mr. Merritt Lane,* for Kearny.

*Messrs. Lum, Tamblyn & Colyer,* for Harrison.

*Messrs. McCarter & English,* for the New Jersey Suburban Water Company.

BACKES, V. C.

In *105 N. J. Eq. 368* it was determined that the complainants should pay the New Jersey Suburban Company for their water supply, for the years 1923 to 1928 inclusive, at the rate of $99 per million gallons, an increase of $16.50 over the price, $84.50, they had been paying. The injunction issued upon terms that the complainants pay all arrearages and *pendente lite* the current quarter-yearly accounts at the old rate; and there was compliance. This motion is that they pay interest on the sum of the increase, calculated on quarter-yearly stops. Interest, as a legal consequence, can be justified only if it would have been allowed in an action of *assumpsit, quantum valebat.* That such an action could have been maintained against East Newark and Kearny before the rate was fixed in this cause admits of no doubt; Harrison had a contract. Interest, however, would not have been warranted unless the complainants were at fault and they would have been in default only if the amount due for water could have been determined by computation based upon established market values or other generally recognized standard. *Faber* v. *City of New York, 222 N. Y. 255; Breymann* v. *Morris Cummings Dredging Co., 195 N. Y. Supp. 441;* see *33 C. J. 211.* In the peculiar circumstances of this case there was no ready way in which the complainants or, for that matter, the New Jersey Suburban Company could have ascertained the value per million gallons of the water supplied; there were no standards, no market value, none of the elements of supply and demand nor of competition, so essential to a market price; and, of course, the rate allowed by the utilities commission to the Consolidated Company from which the New Jersey Suburban Company got the water to supply the towns, or the rate here fixed as between the New Jersey Suburban Company and the latter, are not criteria of values, for they were determined upon a cost-plus-a-reasonable-profit basis, as witnessed by the fact that the Consolidated Company was granted an increase of $21.75 per million gallons, which the New Jersey Suburban Company sought to pass on to the town, whereas

the increase allowed the New Jersey Suburban Company was but $16.50. There was no measure of value; there was no default. The reason for the rule of not allowing interest in suits for unliquidated damages on breach of contracts as in *E. Clemens Horst Co.* v. *Peter Breidt City Brewery, 94 N. J. Law 230,* is no less cogent where there is performance and the sum sued for is in the same state of uncertainty, requiring the same character of proof for its liquidation. The distinction for allowing interest in a suit for damages for breach of an executed contract and disallowing it where the contract is executory, the damages, though unliquidated, being equally capable of ascertainment by standards, may well be in compensation for the benefits enjoyed under one, there being none in the other.

Interest is not, however, to be denied because of the strict rule of law. The complainants sought relief in equity, offering to do equity. Were it not for the public interests involved, this court may not have intervened, leaving the parties to their remedy at law as in other cases for breach of contract. It is but just that the complainants relieve the New Jersey Suburban Company of the burden it bore in their behalf while obeying the injunction not to cut off the water suply to them. It is an implied obligation and it should have been incorporated as one of the terms of the injunction, that the complainants save it harmless. Interest on the additional load is not included in the rate. It is equitable that the New Jersey Suburban Company be proportionately reimbursed for the interest it laid out for the money borrowed to foot the increased bills pending this suit, with interest; and it is no answer that the outlay was in the period when the New Jersey Suburban Company contested the rate imposed upon it in favor of the Consolidated Company (*102 N. J. Eq. 276; 278 U. S. 576*), or that it was due to delay in passing the rate, or a share, to the complainants, by appropriate proceedings before the utilities commission. Success would have profited the complainants, and the New Jersey Suburban Company refraining from promptly shifting the imposition to their shoulders, was also

to their advantage. They have no reason to complain on that score.

If counsel cannot agree upon the amount, it will be referred to a master.