FRED PFEIL, Respondent, *v.* JERRY KLEIN, Doing Business under the Assumed Name of "KLEIN TAXI COMPANY," and ROBERT OFFERLE, Appellants.

Fourth Department, April 3, 1936.

*Clarence G. Pickard,* for the appellant Offerle.

*David L. Brunstrom,* for the appellant Klein.

*McKinley L. Phillips [James A. Hughes* with him on the brief], for the respondent.

CROSBY, J. Plaintiff's injury occurred December 17, 1933, and the action was started within a few days. The complaint is dated January 16, 1934, and alleges damages of $3,000, for which amount judgment is demanded. In response to a demand for a bill of particulars asking, among other things, for "a statement of any and all other items of every name, nature and description, claimed by plaintiff to contribute to his damage, in the sum of Three Thousand Dollars," plaintiff served a bill of particulars, dated March 9, 1934, making no further claim of damage. Trial was started nearly two years after the cause of action arose, after one mistrial had been

due to the illness of a witness. Plaintiff gave no intimation of any claim of damage, beyond $3,000, until the case was fully tried and the jury had been charged, and then asked to amend the complaint so as to demand $20,000 damages. This motion was denied, and then the court granted a motion to conform the pleadings to the proof. The verdict was for $8,000.

The effect of the granting of the motion to conform the pleadings to the proof was to conform the pleading to whatever verdict the jury might find, and this occurring, as it did, in the presence of the jury, carried the implication that the court thought that the proof warranted a verdict larger than $3,000. This caused prejudice to defendants which requires a reversal. (*Sandresky* v. *Erie R. R. Co.*, 91 Misc. 67; affd., 171 App. Div. 975; *Kenney* v. *South Shore Natural Gas & Fuel Co.*, 126 id. 236.)

Had the verdict been $3,000 or less no harm would have been done. (*Blackwell* v. *Finlay*, 233 N. Y. 361, 364; *Walker* v. *Bradt*, 225 App. Div. 415, 417.)

The judgment and order should be reversed on the law and facts and a new trial ordered, with costs to appellants to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and the facts and a new trial granted, with costs to the appellants to abide the event.