OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 The plaintiff Bernard Harvey was an ironworker foreman employed by Atlas-Gem Joint Venture to work on the construction of a high-rise office building in downtown Manhattan. The property was owned by Assay Partners and managed by HRH Construction Corporation. Assay had contracted with Mosher Steel Company for the fabrication and erection of structural steel and Mosher in turn subcontracted the work to Atlas-Gem Joint Venture, a joint venture between Atlas-Gem Erectors and Gem Steel Erectors. On the morning of July 25, 1986, Harvey stepped onto an unsecured wooden plank installed by Atlas-Gem on the 24th floor. The plank gave way, causing Harvey to fall head first two stories. He sustained serious and permanent brain and spinal cord damage.
 

 Harvey and his wife Margaret commenced this action against Assay Partners and HRH by service of summons and complaint in August of 1986. In July of 1987, Assay and HRH commenced a third-party action for indemnification and contribution against Mosher, Atlas-Gem Erectors and Gem Steel.
 
 *222
 
 Another third-party action was commenced by Assay and HRH in October of 1987 against Atlas-Gem Joint Venture.
 

 The plaintiffs’ motion for summary judgment on the issue of liability under Labor Law § 240 (1) was granted against defendants Mazal American Partners, Gezint Corporation, Hoson Holdings, Inc., Elstar Associates, a Limited Partnership, all doing business as Assay Partners, and HRH. The Appellate Division affirmed (145 AD2d 1006). Thereafter, a trial was held on the issue of damages and apportionment. The jury returned a verdict in favor of the plaintiffs in the amount of $27,084,819.03. The jury apportioned liability as follows: HRH, 55% liable; Mosher, 5% liable; and Gem Steel, 40% liable. The trial court overturned that portion of the jury’s verdict that found Mosher 5% at fault, and divided that 5% pro rata between HRH and Gem Steel. HRH was thus 57.9% liable and Gem Steel 42.1% liable. HRH and Assay filed a posttrial motion in which they claimed, among other things, that the verdict was excessive. This motion was granted in part by reducing the total award to $14,304,042.
 

 The Appellate Division modified to the extent of correcting the judgment of Supreme Court to reflect that Assay Partners’ individual partners were "not summoned” under CPLR 5018 (a), and otherwise affirmed the January 17, 1990 judgment of the lower court which had granted a new trial upon the issue of damages unless plaintiffs stipulated to a reduction in the jury award. The Appellate Division also affirmed the July 16, 1990 judgment of the lower court which had granted judgment over in favor of Assay Partners and HRH against third-party defendant Gem Steel. The Appellate Division found that the damages award had not been excessive in light of the severity of the plaintiff’s injuries and the cost of his medical care. The court also found that the Trial Judge did not commit reversible error in permitting Harvey to be exhibited before the jury and respond to questions posed by his attorney. Finally, the Appellate Division rejected HRH and Assay’s arguments that the verdict as to apportionment was against the weight of the evidence and that Gem Steel, by virtue of an indemnification clause, was required to indemnify HRH and Assay against HRH’s own negligence.
 

 HRH and Assay Partners moved for leave to appeal to this Court and Atlas-Gem Joint Venture, Atlas-Gem Erectors and Gem Steel cross-moved for leave to appeal. Both the motion and the cross motion were granted by this Court.
 

 
 *223
 
 The primary issue on appeal is whether the Trial Judge did in fact err in permitting Harvey, who was not sworn, to appear before the jury and answer a series of questions that were designed to demonstrate the extent of his injuries. The Trial Judge justified her decision to allow the questioning on the grounds that the plaintiff was not a witness who needed to be sworn, but an exhibit whose physical condition was an issue at trial. We agree with the Appellate Division that there was no abuse of discretion evident.
 

 Before Harvey was brought into the courtroom, the attorneys and the Trial Judge conferred in an off-the-record sidebar. Harvey was wheeled in and asked a number of questions before the jury. Most of these questions did not involve specific issues that were relevant at trial. For instance, his attorney asked him his age, how many children he had, and their names. He also asked what day of the week it was, how many days there were in a week, a month and a year. Some of the answers to these questions were inaudible, some correct, and some incorrect.
 

 After the plaintiff was taken from the courtroom, counsel for HRH, Assay Partners, Mosher and Gem Steel, who had registered a number of objections as Harvey was being questioned, moved for a mistrial, claiming that the exhibit was designed to inflame the jury and that their clients had been prejudiced as a result. The trial court denied these motions.
 

 We have in past cases recognized the importance of demonstrative evidence and have allowed parties to exhibit their injuries to the members of the jury. In
 
 Mulhado v Brooklyn City R. R. Co.
 
 (30 NY 370), for example, we permitted a plaintiff injured in an accident on a city railroad car to exhibit his injured arm to the jury. In
 
 Clark v Brooklyn Hgts. R. R. Co.
 
 (177 NY 359), the Trial Judge permitted the plaintiff, who had been injured in a collision, to leave the witness stand assisted and to exhibit himself to the jury in the act of writing his name and taking a drink of water. The display was designed to illustrate the plaintiff’s testimony that he was afflicted by a tremor and could use his hands only with difficulty. We stated that the decision whether to permit such demonstrative evidence was entrusted to the discretion of the Trial Judge. "The object of all evidence is to inform the trial tribunal of the material facts, which are relevant as bearing upon the issue, in order that the truth may be elicited and that a just determination of the controversy may be reached.
 
 *224
 
 It is not objectionable, in these cases, that the evidence may go beyond the oral narrative and may be addressed to the senses; provided that it be kept within reasonable limits by the exercise of a fair judicial discretion”
 
 (id.,
 
 at 361). Although we noted the possibility of simulation and deception and the potential for unfairness to the defendant, we did not overturn the judgment of the lower courts because we considered the decision ultimately a matter of judicial discretion
 
 (id.,
 
 at 362).
 

 More recently, in
 
 People v Acevedo
 
 (40 NY2d 701, 704), we noted that demonstrative evidence, when "validly and carefully used,” is highly convincing, but we cautioned that "though tests and demonstrations in the courtroom are not lightly to be rejected when they would play a positive and helpful role in the ascertainment of truth, courts must be alert to the danger that, when ill-designed or not properly relevant to the point at issue, instead of being helpful they may serve but to mislead, confuse, divert or otherwise prejudice the purposes of the trial * * * When there is such a threat, the trial court itself must decide in the exercise of a sound discretion based on the nature of the proffered proof and the context in which it is offered, whether the value of the evidence outweighs its potential for prejudice”
 
 (see also, People v Scarola,
 
 71 NY2d 769, 777;
 
 Riddle v Memorial Hosp.,
 
 43 AD2d 750, 751; Richardson, Evidence §§ 134, 136 [Prince 10th ed]).
 

 In the case now before us, most of the questions asked of the plaintiff were of a general nature and did not touch upon any of the issues involved at trial. Further, the plaintiffs answers illustrated the extent to which his cognitive abilities had been affected by the accident. In her colloquy with counsel following the examination of Mr. Harvey, the Trial Judge noted that in deciding to permit the questioning, she had balanced the value of showing the jury the plaintiffs injuries against the potential for prejudice and for generating an emotional response. That balancing is without question an exercise of judicial discretion, and we find no basis for disturbing it. Although with the benefit of hindsight, the preferred practice would have been for the Trial Judge to examine the plaintiff in camera, outside the presence of the jury, before permitting the questioning, we cannot find the failure to conduct such an examination to have constituted an abuse of discretion under the facts present here.
 

 Finally, we note that our holding today is consistent with decisions from other jurisdictions allowing the introduction of
 
 *225
 
 demonstrative evidence under similar circumstances
 
 (see, Ensor v Wilson,
 
 519 So 2d 1244 [Ala];
 
 Heidbreder v Northampton Twp. Trustees,
 
 64 Ohio App 2d 95, 411 NE2d 825;
 
 see generally,
 
 Annotation,
 
 Permissibility of In-Court Demonstration to Show Effect of Injury in Action for Bodily Injury,
 
 82 ALR4th 980).
 

 Appellants and cross appellants argue that the plaintiff’s statements concerning his prior recreational activities were testimonial and not merely demonstrative. This argument, however, was not properly preserved for review by this Court. The general objections taken at trial to the questioning of the plaintiff did not alert the court to this particular issue, and it is therefore beyond our review powers.
 

 We agree with appellants and cross appellants, however, that the Appellate Division did not manifest that it used the proper standard in determining whether the damages award was excessive. CPLR 5501 (c), which is applicable here, states that "[i]n reviewing a money judgment in an action * * * in which it is contended that the award is excessive or inadequate and that a new trial should have been granted unless a stipulation is entered to a different award, the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation.” Although the Appellate Division referred to this standard in discussing the plaintiff wife’s loss of consortium award, it also referred to the former "shocks the conscience” standard in its review of the remainder of the award. Consequently, we are obliged to remit this matter to the Appellate Division so that it can discharge and manifest its review of the excessiveness of the damages award in accordance with the proper standard.
 

 HRH and Assay also claim that Gem Steel is contractually obligated to indemnify them for their own acts of negligence. We agree with the Appellate Division that this would run contrary to the intent behind General Obligations Law § 5-322.1
 
 (see, Brown v Two Exch. Plaza Partners,
 
 76 NY2d 172).
 

 We have considered appellants’ remaining contentions and we find them to be without merit. Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to the Appellate Division, First Department, for
 
 *226
 
 further proceedings in accordance with the opinion herein, and, as so modified, affirmed.
 

 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order modified, etc.