Bradshaw v Lenox Hill Hosp. (2018 NY Slip Op 00625)





Bradshaw v Lenox Hill Hosp.


2018 NY Slip Op 00625


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


5593 114078/05

[*1]Barbara Bradshaw, Plaintiff-Appellant, 
v
Lenox Hill Hospital, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondents.



Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered August 3, 2016, upon a jury verdict in favor of defendants, unanimously affirmed, without costs.
The trial court properly instructed the jury that, in determining whether Dr. Moses had obtained informed consent from plaintiff prior to her procedure, it could consider the acts of Dr. Moses as well as those individuals under his supervision, control, and employment. In any event, the jury found that plaintiff consented to the procedure after receiving sufficient information concerning the reasonably foreseeable risks of the procedure, and alternatives thereto, prior to the procedure, necessarily defeating the claim (see Shkolnik v Hospital for Joint Diseases Orthopaedic Inst., 211 AD2d 347 [1st Dept 1995], lv denied 87 NY2d 895 [1995]).
As this Court previously held, an issue of fact existed as to whether Lenox Hill could be vicariously liable on plaintiff's claim against Dr. Moses for lack of informed consent, requiring a trial on that issue (126 AD3d 484, 485 [1st Dept 2015]). Any error in not instructing the jury on such a claim, however, is harmless in light of the jury's finding that plaintiff provided informed consent, and thus the jury would not have reached the issue (see Lebron v St. Vincent's Hosp. & Med. Ctr., 261 AD2d 246 [1st Dept 1999]; O'Neill v Spitzer, 160 AD2d 298 [1st Dept 1990]).
Lastly, the court did not abuse its discretion in denying plaintiff use of square plastic boxes as demonstrative evidence. Their use to demonstrate the alleged size of hematomas, which were neither square, nor solid, had the possibility of misleading the jury (see Harvey v Mazal Am. Partners, 79 NY2d 218, 224 [1992]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK